JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, John Edward DiGuilio, appeals from the decision of the Cuyahoga County Court of Common Pleas Domestic Relations Division approving an agreement reached by the parties pursuant to their divorce and the trial court's denial of appellant's motion for a new trial. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. A divorce action was filed by appellee on January 15, 2002. Appellant filed his answer on February 1, 2002. Appellee served formal discovery requests upon appellant on February 11, 2002. On March 26, 2002, the trial court ordered appellant to serve complete discovery responses to the February 11, 2002 requests within fourteen days. Appellant did not comply with this order.
 {¶ 3} On April 30, 2002, an order for temporary support was entered. On May 24, 2002, appellee filed a motion for discovery sanctions. While appellee's motion for sanctions was pending,[1]
appellant's deposition was scheduled for August 28, 2002. Appellant did not appear for his deposition. Appellant's counsel filed a motion to withdraw on August 28, 2002, citing appellant's lack of cooperation. On August 29, 2002, appellee filed a motion for additional discovery sanctions. A trial of the matter was scheduled for September 4, 2002.
 {¶ 4} Appellant appeared for trial on September 4, 2002 without counsel. Prior to the commencement of the trial, the parties discussed and then signed a written agreement resolving all outstanding issues thus avoiding the need for a trial. Appellant did not file a motion for continuance, nor did appellant seek to engage new counsel.
 {¶ 5} Appellant advances several assignments of error for our review. The first assignment of error states:
"The trial court erred and abused its discretion in proceeding with the uncontested hearing and approving the `in court' agreement where appellant was present without counsel."
 {¶ 6} Prior to addressing this first assignment of error, it is necessary to clarify the form of the record in this matter. The proceedings in this matter took place without a court reporter or audiotape recording present. App.R. 9(C) outlines the method for obtaining a record of those proceedings under those circumstances.
 {¶ 7} App.R. 9 outlines the composition of the record on appeal as "[t]he original papers and exhibits thereto filed in the trial court, the transcript of the proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *." Because no court reporter was present during the court proceedings in this matter and no transcript can be produced, a statement of the evidence or proceedings was filed in this matter in accordance with App.R. 9(C).
 {¶ 8} App.R. 9(C) provides as follows: "(C) Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript IsUnavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to Rule 10, who may serve objections or propose amendments thereto within ten days after service. Thereupon, the statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act thereon prior to the time for transmission of the record pursuant to Rule 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 9} On October 23, 2002, appellant filed his proposed statement of evidence or proceedings under App.R. 9(C). On October 24, 2002, appellee filed her objections to appellant's proposed statement and her own proposed statement of evidence or proceedings under App.R. 9(C). On November 13, 2002, the trial court filed the settled and approved statement of evidence or proceedings. By rule, that statement of the evidence or proceedings is, therefore, the record of the proceedings that occurred on September 4, 2002.
 {¶ 10} The record of this matter, included in the statement of the evidence or proceedings, contains the following pertinent facts as to appellant's first assignment of error:
 {¶ 11} Appellant appeared for trial without counsel. On the trial date, he confirmed he was aware that his counsel had filed a motion to withdraw. Appellant then told the court he intended to proceed without counsel and attempt to reach a settlement. Appellee and appellant appeared before the trial court later that day and informed the court they had reached an agreement resolving all outstanding issues. Essentially, appellant now argues that he had a right to an attorney on the trial date, and it was error for the trial court to proceed while appellant was without an attorney.
 {¶ 12} In subpart (A) of appellant's first assignment of error, appellant asserts the trial court abused its discretion by conducting the proceedings at issue in this matter while appellant was not represented by counsel. Appellant's counsel had filed a motion to withdraw that had not been ruled upon at the time of the September 4, 2002 trial date. Appellant cites Hughes v. Hughes (Dec. 10, 1998), Cuyahoga App. No. 73843, in which this court reversed the decision of a trial court that permitted the withdrawal of an attorney just three days before a hearing and then denied a motion for continuance by that now-unrepresented party. Hughes is factually distinguishable from this case.
 {¶ 13} Unlike the appellant in the Hughes case, appellant here never asked for a continuance and took the affirmative step of informing the court he wanted to proceed — and to do so without counsel — to reach an agreement. This conduct rendered moot the motion to withdraw of appellant's attorney.
 {¶ 14} Even were we to find the motion to withdraw was implicitly granted or should at least have been ruled upon, appellant did not make a motion for continuance as in the Hughes case.
 {¶ 15} Appellant asserts a right to counsel. A similar claim was made in Rodriquez v. Rodriquez, (April 29, 1983), Wood App. No. WD-82-78. In Rodriquez the trial court granted an ex-husband a divorce and awarded custody of the parties' children to him. The ex-wife argued on appeal that the trial court erred in permitting the trial to proceed because her attorney failed to appear on the date of the trial and the judge had not yet ruled on her attorney's motion to withdraw. The decision of the trial judge was affirmed.
 {¶ 16} The Rodriquez court acknowledged the difficult position a litigant is placed in by appearing in court without an attorney. "However, a party does not have a guaranteed or constitutional right to be represented by counsel in a domestic relations proceeding." Id. Without a constitutional right to counsel, appellant was free to request a continuance himself (which he failed to do) or to proceed without counsel, which he agreed to do.
 {¶ 17} In this case, the record reflects that appellant's decision to proceed without counsel came after his refusal to cooperate with his hired counsel. Appellant's counsel filed a motion to withdraw on August 28, 2002 because he was "unable to prepare for trial as John Edward DiGuilio will not cooperate." Appellant was aware that his attorney had filed a motion to withdraw and chose to proceed without counsel.
 {¶ 18} Although appellant now wishes to vacate the agreement reached on September 4, 2002 because he was unrepresented, pro se civil litigants are held to the same standard as litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own errors and mistakes. Stewart v. Stewart, (February 16, 1990), Huron App. No. H-89-35. Appellant took the risks of his decision to proceed without counsel. Balwas v. Balwas, (September 7, 2000) Cuyahoga App. No. 7596, 00-LW04307. In subpart (B) of appellant's first assignment of error, he asserts that it would have been inappropriate for the court to have granted the motion to withdraw of appellant's attorney because of the failure of appellant's attorney to comply with the local rules and disciplinary rules.
 {¶ 19} Depending on the facts and circumstances, the granting of an attorney's motion to withdraw on the date of trial is within the discretion of the trial court. The trial court in this matter, as inSanto v. Anderson (March 9, 1990) Lake App. No. 88-L-13-205, did not grant the motion to withdraw of appellant's attorney on the date of trial. In Santo the trial court's failure to rule on a motion to withdraw on the date of a hearing was not an abuse of discretion. Id.
 {¶ 20} Appellant's argument here is that had the trial judge granted the motion to withdraw of appellant's attorney, it would have been improper. As in Santo, it may have been proper in this case for the trial court to have granted the motion to withdraw on the day of trial. In this case, however, the argument is misplaced since the issue was rendered moot by appellant's decision to proceed without counsel and resolve the case by mutual agreement.
 {¶ 21} In subpart (C) of appellant's first assignment of error, appellant reiterates his argument that he was prejudiced by the court's decision to proceed with the uncontested hearing without appellant being represented and that the trial court should have offered him a continuance.
 {¶ 22} As discussed above, a litigant proceeding without counsel accepts the risks associated with his decision to proceed without counsel. See Balwas, infra.
 {¶ 23} Appellant cites Bennett v. Bennett (1993), 86 Ohio App.3d 334 [86 Ohio App.3d 343] and DR 2-110 in support of this subpart of his first assignment of error. Bennett is factually distinguishable from this case.
 {¶ 24} In Bennett, the trial court conducted a show cause hearing against a husband in a divorce case after allowing the husband's attorney to withdraw as counsel just prior to the hearing. The trial court then ordered the husband to proceed without counsel. Following that order, several decisions adverse to the husband were rendered by the trial court. Id. Unlike Bennett, the trial court here did not order appellant to proceed without counsel. Also, a hearing was not held in this case requiring appellant to act as his own attorney requiring him to be prejudiced by his lack of legal experience and understanding of the proceedings (e.g., not knowing how to properly present an opening statement or conduct a cross-examination). Finally, the trial court inBennett failed to inquire whether the husband desired new counsel. In this case, the trial court specifically asked appellant if he was aware his counsel had requested to withdraw and whether he wanted to proceed without counsel. He answered in the affirmative to both questions, hence DR 2-110 is not applicable.
 {¶ 25} Finally, appellant asserts he "should have been offered a continuance" by the trial court. Appellant provides no authority for the proposition that the trial court has a duty to offer a continuance to any litigant proceeding with or without counsel. We decline to find such a duty exists. Finally, appellant could have asked for a continuance but chose to proceed without counsel.
 {¶ 26} We find no abuse of discretion in the trial court's decision to conduct these proceedings where appellant was present without counsel.
 {¶ 27} Assignments of error II, III, IV and V all involve the terms of the agreement reached between appellant and appellee regarding the payment of spousal support, child support, insurance, and division of marital assets and are as follows:
 {¶ 28} "The court erred and abused its discretion when it issued its child support order based upon the child support computation worksheet which set forth incorrect income for the appellant and appellee."
 {¶ 29} "The court erred and abused its discretion when it approved and adopted the `in court' agreement that required appellant to pay excessive combined spousal support and child support in the amount of $36,600 per year resulting in appellee having nearly two-thirds of the income and appellant only one-third of the income."
 {¶ 30} "The trial court erred and abused its discretion when it approved and adopted the `in-court' agreement that provided for a property settlement that awarded appellee more than 82% of the marital assets."
 {¶ 31} "The trial court erred and abused its discretion when it filed the divorce judgment entry that required appellant to obtain health care insurance coverage for the minor child even though the `in-court' agreement required that appellee obtain that coverage."
 {¶ 32} Appellant, proceeding without counsel, agreed to and signed the agreement that was adopted by the trial court for the resolution of the remaining issues in this matter. Appellant testified that he understood the agreement and that it fairly considered both parties' income and assets. He further testified that no one forced him to enter into the agreement and that he believed it to be fair, just and equitable. "When the parties have agreed, without objection and with the judge's approval, to enter into stipulations for the record, this court will not consider objections to such stipulations on appeal." In reAnnexation of Territory of Riveredge Twp. to City of Fairview Park, (1988), 46 Ohio App.3d 29. Further, it is well established in Ohio that a party may not appeal a judgment to which he has agreed. Id. (citingJackson v. Jackson (1865), 16 Ohio St. 163).
 {¶ 33} Absent fraud, duress, overreaching or undue influence, a settlement agreement between parties in a divorce is enforceable. InWalther v. Walther (1995), 102 Ohio App.3d 378, the court held that "[s]ettlement agreements are favored in the law. Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. Neither a change of heart nor poor legal advice is a ground to set aside a settlement agreement. A party may not unilaterally repudiate a binding settlement agreement." Any concerns about undue influence in this matter are resolved by review of the statement of evidence or proceedings clearly revealing appellant's acceptance of the agreement and acknowledgment of its fairness. Appellant's references to possible undue influence by appellee's attorney "in the hallway outside the courtroom" are not contained in the statement of evidence or proceedings and, therefore, not properly considered by this court. App.R. 9(C).
 {¶ 34} In light of these facts, we find no abuse of discretion in the trial court's adoption of the agreement between the parties and assignments of error II, III, IV and V are not well taken.
 {¶ 35} Appellant's assignment of error VI states:
 {¶ 36} "This trial court erred and abused its discretion when it overruled appellant's timely filed motion for new trial; appellant's uncontroverted statements were sufficient to justify his request for a new trial."
 {¶ 37} The standard of review for a ruling on a motion for new trial is whether the trial court abused its discretion. Verbon v.Pennese (1982), 7 Ohio App.3d 182. "The meaning of the term `abuse of discretion' * * * connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude * * *."Steiner v. Custer (1940), 137 Ohio St. 448. In this case, a trial was scheduled for September 4, 2002. Before the trial began, an agreement was reached by the parties avoiding the need to conduct a trial.
 {¶ 38} The Ohio Supreme Court, in First Bank v. Mascrete, Inc.,79 Ohio St.3d 503, held "that the proper test for determination of whether a proceeding is in fact a trial, subject to a Civ.R.59 motion for a new trial, is an inquiry that focuses on the substance of the proceeding rather than on its form. A proceeding is considered a trial for purposes of Civ.R. 59 when the indicia of trial substantially predominate in the proceeding. In deciding whether a proceeding rises to the level of a trial for Civ.R. 59 purposes, courts should consider the nature of the individual proceeding. A list of relevant indicia may include (1) whether the proceeding was initiated by pleadings, (2) whether it took place in court, (3) whether it was held in the presence of a judge or magistrate, (4) whether the parties or their counsel were present, (5) whether evidence was introduced, (6) whether arguments were presented in court by counsel, (7) whether issues of fact were decided by the judge or magistrate, (8) whether the issues decided were central or ancillary to the primary dispute between the parties, (9) whether a judgment was rendered on the evidence. The list of factors is not intended to be exhaustive. Other indicia may be considered. The focus of the inquiry, however, is whether there is a substantial predominance of indicia of trial such that the proceeding is properly characterized as a trial for Civ.R. 59 purposes." (Emphasis added.)
 {¶ 39} In this case, the proceedings in court consisted of the court's inquiry into the parties' assent to the terms and the overall fairness of an agreement reached out of court by the parties. No evidence was introduced and no arguments were made by either side. The resulting judgment entry was merely an adoption of the agreement between the parties as opposed to a decision rendered upon evidence submitted at a trial. In addition, appellant's assent to the agreement and acknowledgment of its inherent fairness further convinces this court the proceedings on September 4, 2002 are not properly characterized as a trial.
 {¶ 40} Because no trial took place in this matter, appellant's motion is misplaced. Appellant is attempting to obtain an additional trial date to revisit the issues that were resolved in the agreement reached by the parties. In support of this assignment of error, appellant again references conversations that allegedly occurred outside the courtroom on September 4, 2002. The contents of those conversations are not properly part of the record in this matter.
 {¶ 41} In keeping with the standard of review for a denial of a motion for new trial, the Supreme Court's definition of the term "trial" and the relevant facts, the trial court's denial of appellant's motion for new trial was not an abuse of discretion. Accordingly, this assignment of error is overruled.
Judgment affirmed.
PATRICIA ANN BLACKMON, P.J., AND ANNE L. KILBANE, J., CONCUR.
[1] The motion for sanctions was eventually granted.