BENNETT, Appellee,

v.

BENNETT, Appellant.

[Cite as *Bennett v. Bennett* (1993), 86 Ohio App.3d 343.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61790.

Decided Feb. 16, 1993.

*Herbert Palkovitz,* for appellee.

*Hans C. Kuenzi,* for appellant.

MATIA, Judge.

Defendant-appellant, Gerald David Bennett, appeals from a judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which granted leave to appellant's trial counsel to withdraw from representation prior to a hearing, granted a motion to show cause as filed by plaintiff-appellee, Adrienne Bennett, and also granted an award of attorney fees and interest against the appellant.

The appellant's appeal is well taken.

## I. THE FACTS

### A. THE TRIAL COURT'S JUDGMENT OF DIVORCE

On December 16, 1982, the trial court granted the appellee a divorce from the appellant. In addition, the judgment entry of divorce incorporated a separation agreement which was previously entered into between the appellant and the appellee on November 30, 1982. In essence, the judgment entry of divorce and the separation agreement provided that: (1) no alimony was due from either party; (2) permanent custody of two minor children was granted to the appellee; (3) the appellant was to pay child support in the amount of $35 per week, per child, plus all necessary medical, dental and hospitalization expenses; (4) appellee was to receive exclusive use, possession and occupancy of the marital residence in addition to household goods, furniture and appliances; (5) each party is to receive an automobile; (6) the appellee is to receive title to all joint bank accounts; and (7) should the marital home be sold while the party's children are minors, the appellant shall place his one-half interest in the net proceeds into a trust to provide for undergraduate college education on behalf of the children.

### B. THE APPELLANT AND THE APPELLEE FILE MOTIONS TO SHOW CAUSE

On October 18, 1990, the appellee filed a motion captioned "Emergency Motion to Show Cause" based upon the failure of the appellant to place into trust for the benefit of the minor children the appellant's one-half interest in the net proceeds which resulted from the sale of the marital home. On November 27, 1990, the appellant filed a motion to show cause with regard to the sale of the marital home. Both the appellant and the appellee sought attorney fees and expenses.

### C. THE APPELLANT IS FORCED TO ATTEND A HEARING WITHOUT THE BENEFIT OF COUNSEL

On April 4, 1991, the trial court conducted a hearing with regard to the two motions to show course. The trial court, however, allowed the appellant's

attorney to withdraw as counsel prior to the hearing. Following the withdrawal of counsel, the trial court ordered the appellant to proceed without the benefit of counsel. On April 15, 1991, the trial court granted the appellee's motion to show cause and ordered that: (1) all funds held in escrow by virtue of sale of the marital home be released to the appellee; (2) the appellant shall pay to the appellee interest in the amount of $2,149; and (3) the appellant shall pay to the appellee attorney fees and expenses in the amount of $7,000.

### D. THE APPELLANT'S TIMELY APPEAL

Thereafter, the appellant timely filed a notice of appeal from the judgment of the trial court which granted the appellee's motion to show cause and further awarded attorney fees and expenses to the appellee.

## II. THE FIRST ASSIGNMENT OF ERROR

The appellant's initial assignment of error is that:

"The trial court erred in granting counsel for appellant leave to withdraw at hearing."

### A. THE ISSUE RAISED: TRIAL COURT ERRED BY ALLOWING APPELLANT'S TRIAL COUNSEL TO WITHDRAW PRIOR TO HEARING

The appellant, through his initial assignment of error, argues that the trial court erred by allowing appellant's trial counsel to withdraw prior to the hearing held with regard to the motions to show cause. Specifically, the appellant argues that the trial court abused its discretion in allowing appellant's counsel to withdraw immediately prior to the hearing on the motions to show cause and that the appellant was prejudiced as a result of a lack of competent legal counsel.

The appellant's initial assignment of error is well taken.

### B. THE APPELLANT'S COUNSEL IS ALLOWED TO WITHDRAW

In the case *sub judice*, the appellant was represented by legal counsel prior to the hearing that was conducted by the trial court with regard to the motions to show cause as filed by both the appellant and the appellee. On April 4, 1991, only moments before the start of the hearing, counsel for the appellant filed a notice with the trial court captioned "Withdrwaal [sic] of Counsel," which provided that:

"Now comes Shia N. Shapiro, Attorney for Defendant Bennett, and hereby withdraws as Defendant's attorney of record for the reason that this Defendant is

in disagreement as to type, nature and form of representation being given by this attorney."

The trial court, in response to the notice of withdrawal as filed by appellant's counsel, sanctioned the withdrawal and subsequently required the appellant to proceed *without* the benefit of legal counsel:

"THE COURT: At this time I would call on the defendant for an opening statement, but before doing so, let the record show that a withdrawal of counsel by Mr. Shia Shapiro. Mr. Shapiro has filed a withdrawal of counsel this April 4th at 1:18 p.m., 1991.

"As the Court stated before, it is apparent to the Court that due to the fact that these motions have been in existence and on the docket for these many months, that it is time to hear these motions.

"I would ask Mr. Bennett if he has an opening statement to make.

"MR. BENNETT: I am not a lawyer. I don't know the procedures for this. You mean I can just make any kind of a statement that I want to?

"I am not sure how to do this.

"THE COURT: The Court will permit you to make an opening statement if you wish to make one in defense of yourself and in support of your motions."

The trial court clearly abused its discretion in allowing appellant's counsel to withdraw immediately prior to the motion to show cause hearing.

## C. CODE OF PROFESSIONAL RESPONSIBILITY AND WITHDRAWAL OF COUNSEL

DR 2–110(A)(1) and 2–110(A)(2) of the Code of Professional Responsibility deal with the withdrawal of an attorney from legal representation of a client and provide that:

"(1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.

"(2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules."

In addition, Loc.R. 7(A) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, provides that:

"(A) Withdrawal. Upon entering his appearance as counsel for either plaintiff or defendant, no attorney shall thereafter be relieved of his responsibility unless: 1) he timely files a written motion with the Court stating his grounds for withdrawing from the case, together with a proper certification that he has notified his client thereof; and 2) the Court grants the motion."

## D. THE TRIAL COURT WAS REQUIRED TO ENSURE THAT APPELLANT WAS NOT PREJUDICED BY THE WITHDRAWAL OF COUNSEL

The trial court possessed a duty to enforce the mandate of DR 2–110(A)(1), 2–110(A)(2) and Loc.R. 7(A) of the Court of Common Pleas of Cuyahoga County, Division of Domestic Relations. *Tschudy v. Tschudy* (Feb. 16, 1988), Stark App. No. CA–7294, unreported, 1988 WL 17173. The purpose of DR 2–110(A)(1), 2–110(A)(2) and Loc.R. 7(A) of the Court of Common Pleas of Cuyahoga County, Division of Domestic Relations, is to assure that a client shall not be prejudiced as a result of the withdrawal of counsel.

## E. THE APPELLANT WAS PREJUDICED BY THE WITHDRAWAL OF COUNSEL

This court, upon review of the record, cannot state with certainty that the appellant was not prejudiced by a lack of competent legal representation during the course of the hearing as held with regard to the motions to show cause. This is especially true, since the appellant stated specifically that he was not familiar with legal procedures and proceedings, nor was an inquiry made by the trial court into whether appellant desired new counsel or was insulated from foreseeable prejudice.

## F. THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING APPELLANT'S COUNSEL TO WITHDRAW PRIOR TO HEARING

Therefore, the trial court abused its discretion in allowing appellant's trial counsel to withdraw prior to the hearing and then requiring the appellant to proceed without the benefit of counsel. The appellant's first assignment of error is well taken and the judgment of the trial court, which granted permission to appellant's counsel to withdraw and also granted the appellee's motion to show cause plus interest and attorney fees, is reversed. The matter is further

remanded for a new hearing with regard to the appellee's motion to show cause, attorney fees and interest.

## III. THE SECOND AND THIRD ASSIGNMENTS OF ERROR

The appellant has raised two other assignments of error as follows:

"The trial court erred in ruling that appellant had failed to comply with prior order of court, finding him in contempt and ordering the disbursement of funds to appellee.

"The trial court erred in granting appellee an award of attorney fees and interest."

The appellant's second and third assignments of error have been rendered moot as a result of the disposition of the appellant's first assignment of error. Pursuant to the application of App.R. 12(A)(1)(c), this court need not address the appellant's second and third assignments of error.

The appellant's second and third assignments of error are moot.

Judgment reversed and remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DYKE, C.J., and PATTON, J., concur.