DECISION AND JUDGMENT ENTRY
This consolidated case is before the court on appeal from two judgments of the Lucas County Court of Common Pleas, Domestic Relations Division. The procedural background to this case is as follows.
On June 11, 1997, appellant, Frank Williams, filed a complaint for divorce alleging that he and appellee, Mildred Williams, were incompatible. Appellee answered and filed a counterclaim for divorce. Appellee attempted to engage in discovery by seeking the production of documents related to the parties' assets and liabilities and by the taking of appellant's deposition. Appellant failed to respond to discovery requests. Due to the delays in the discovery procedure, the trial on the issues raised in the divorce proceedings was not held until October 14, 1998. Appellant's trial counsel appeared at that hearing and stated to the court:
 "* * * Mr. Williams is not present in court today. I have no explanation of his whereabouts. He did receive notice from the Clerk. I checked with the Clerk's Office. Additionally, I notified him with a copy of the notice that was sent to me from the Clerk's Office. For that reason we would ask the Court for permission to withdraw as Counsel for Mr. Frank Williams at this time."
The trial court granted counsel's motion for withdrawal and allowed appellee to proceed on her counterclaim. On October 30, 1998, the domestic relations court filed a judgment entry granting appellee a divorce on her counterclaim, dividing the marital assets and ordering appellant to pay spousal support. Appellant filed a timely appeal, designated Appeal No. L-98-1411, from the trial court's judgment.
On May 24, 1999, appellant and appellee filed a joint motion in Appeal No. L-98-1411 asking this court to remand this cause to the trial court for the purpose of "presenting the trial court with a Joint Motion for Relief from Judgment and for a New Trial." We granted that motion, remanding this case for the "purpose of allowing the court to rule on the parties' pending Civ.R. 60(B) motion." (Emphasis added.) See Williams v. Williams (June 10, 1999), Lucas App. No. L-98-1411, unreported.
On remand, appellant and appellee filed their joint motion for relief from judgment, pursuant to Civ.R. 60(B)(5), and a motion for a new trial. The grounds for both motions were listed as (1) the trial court's grant of appellant's counsel's oral motion to withdraw on the day of trial and (2) proceeding to a trial on the merits in the absence of appellant and without notice to appellant as required by Civ.R. 75(K). Appellant also relied on the fact that appellee "acknowledges that [Appellant] is entitled to a trial with proper notice and legal representation."
On August 26, 1999, the trial court filed a judgment entry denying both of appellant's motions. The court found that appellant's motion for a new trial was untimely. As to the motion for relief from judgment, the court determined that the motion did not satisfy the requirements of Civ.R. 60(B)(5) in that appellant failed to set forth a meritorious claim or defense to the action and that he failed to establish any grounds for relief under Civ.R. 60(B)(5).
Appellant filed a notice of appeal from the August 1999 judgment. Appellant raises the following assignment of error in that appeal:
 "The trial court erred as a matter of law when it denied the parties' Joint Motion for Relief from Judgment and Motion for a New Trial."
We consolidated the two appeals under Appeal No. L-99-1324, and this appeal proceeded to oral argument.
We must find at the outset of our discussion of this case, that we improvidently granted the joint motion for a remand. The general rule is that a trial court loses jurisdiction once an appeal is filed, except to take action in aid of an appeal or when a remand is ordered for a ruling on a pending motion. Yee v. Erie County Sheriff's Dept.
(1990), 51 Ohio St.3d 43, 44; Majnaric v. Majnaric (1975),46 Ohio App.2d 157; University Carnegie Medical Partners Assocs. v.Cleveland Therapy Center (Oct. 15, 1992), Cuyahoga App. Nos. 61016, 61463, unreported. In the present case, this court mistakenly believed that a motion for relief from judgment was pending in the trial court. Because no such motion was pending, we should not have granted the joint motion for a remand. However, because we need not reach the merits of the judgment on the joint motions, any error in remanding this case is harmless error.
The dispositive issue in this case is raised in the appeal of the judgment of divorce. The assignments of error asserted in that appeal are:
 "I. The trial court erred as a matter of law when it granted Plaintiff-Appellant's counsel's oral motion to withdraw on the day of trial and proceeded with the trial in the absence of Plaintiff-Appellant.
 "II. The trial court erred as a matter of law when, after allowing Plaintiff-Appellant's counsel to withdraw on the day of trial leaving Plaintiff-Appellant unrepresented by counsel, it proceeded to trial in the absence of and without notice to Plaintiff-Appellant."
In Assignment of Error No. I, appellant contends that the trial court violated DR 2-110(A)(2) of the Code of Professional Responsibility and Loc.R. 11.01 of the Lucas County Court of Common Pleas, Domestic Relations Division, by allowing his trial counsel to withdraw on the day of trial and proceeding in the absence of appellant.
DR 2-110 governs the withdrawal of an attorney from representation of a client and provides, in pertinent part:
"(A) In general.
 "(1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.
 "(2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules."
In addition, pursuant to Loc.R. 11.01 of the Lucas County Court of Common Pleas, Domestic Relations Division, an attorney cannot discontinue his representation of a client unless he files a written motion with the court stating the grounds for withdrawal, "together with proper certification that he has notified his client." Furthermore, the rule states that the attorney must comply with DR 2-110.
The purpose of DR 2-110 and any complementing local rule is to avoid the danger of a client being left unrepresented as the result of an attorney's withdrawal. Fred Siegel Co., L.P.A. v. Arter Hadden (1999), 85 Ohio St.3d 171, 177. Trial courts have a duty to supervise lawyers who practice before them and ensure that the mandate of DR 2-110(A) is not abridged. Bennett v. Bennett (1993),86 Ohio App.3d 343, 347; Body v. Body (Oct. 19, 1994), Knox App. No. 94-CA-04, unreported. Thus, it is error on the part of the trial court to allow an attorney to withdraw without determining that the attorney has made efforts to avoid foreseeable prejudice to his or her client. Bennett v. Bennett, 86 Ohio App.3d at 347; Body v. Body,supra, citing Tshudy v. Tshudy (Feb. 16, 1988), Stark App. No. CA 7294, unreported. In fact, "* * * if a trial court allows counsel to withdraw without prior notice to the client, the trial court is under a duty to give [the client] notice of counsel's withdrawal, along with an opportunity to obtain substitute counsel before proceeding with a scheduled hearing." George v. Thatcher (Sept. 23, 1993), Franklin App. No. 93AP-337, unreported, quoting Cotton v. Cotton (May 9, 1989), Franklin App. No. 88AP-1041, unreported. See, also, In reStraub (Feb. 13, 1992), Ross App. No. 1728, unreported.
Applying this law to the present case, the domestic relations court allowed appellant's attorney to withdraw from his representation of appellant without the filing of a written motion, without ascertaining whether the attorney provided his client with notice of his desire to withdraw and without determining whether the attorney complied with DR 2-110(A) so that his client would not be prejudiced. Moreover, there is no evidence showing that upon allowing counsel to withdraw at the beginning of trial, the court provided appellant with notice of the withdrawal and permitted appellant an opportunity to obtain substitute counsel before proceeding to trial. Therefore, appellant's Assignment of Error No. I is found well-taken.
Appellant's Assignment of Error No. II and appellant's appeal of the trial court's August 26, 1999 judgment, as journalized on September 1, 1999, are rendered moot by our disposition of Assignment of Error No. I. The October 30, 1998 judgment, as journalized on November 3, 1998, of the Lucas County Court of Common Pleas, Domestic Relations Division, is reversed. This cause is remanded to that court for further proceedings consistent with this judgment. Appellant and appellee are ordered to each pay one-half of the costs of this appeal. See App.R. 24(A).
JUDGMENT REVERSED.
PETER M. HANDWORK, J., JUDGE, MELVIN L. RESNICK, J., JUDGE, JAMES R. SHERCK, J., JUDGE, CONCUR.