DECISION
Mary Anna Wilber, appellant, appeals the March 15, 2001 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting permanent court commitment ("PCC") of her child Robert Magnus to Franklin County Children Services ("FCCS"), appellee.
On January 12, 1999, a complaint was filed in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, asserting that Robert Magnus, born July 13, 1996, was a dependent child after appellant left Robert with his maternal grandmother on January 10, 1999, and did not return. On June 2, 1999, the trial court adjudicated Robert to be a dependent minor and issued a temporary order of custody to FCCS. A case plan was established and appellant completed a psychological evaluation, parenting classes, and counseling. She also maintained housing and an income from January to August 2000, but failed to maintain such for an extended period. She was inconsistent in submitting to drug screens, though none of the drug screens she submitted to tested positive.
On May 9, 2000, FCCS filled a motion for PCC pursuant to R.C. 2151.413. At a preliminary hearing on May 17, 2000, the trial court appointed counsel on appellant's behalf and the matter was continued until June 21, 2000. On June 21, 2000, appellant appeared with counsel and requested a continuance to schedule the matter for a contested trial, which the trial court granted. On September 18, 2000, the trial was continued until December 12, 2000 so FCCS could provide appellant's counsel with discovery. On December 12, 2000, appellant requested another continuance to prepare for trial. The trial court granted a "final continuance" until March 6, 2001. Appellant was present at the December 12, 2000 hearing and signed the motion for continuance. The trial court told appellant to be certain to make herself available for services and to allow her attorney to help prepare her defense.
On March 6, 2001, appellant failed to appear for trial. Appellant's counsel informed the court that since December 12, 2000, appellant had failed to meet with counsel as scheduled and failed to provide counsel with information in preparation for trial. Appellant's counsel indicated that appellant had contacted his office one week prior, but since he was out of town at the time, appellant spoke to his assistant who informed appellant again of the March 6 hearing date. Due to appellant's lack of cooperation, appellant's counsel requested leave to withdraw, which the trial court denied. The court held the contested trial, at which appellant's counsel did not call any witnesses but did cross-examine FCCS's sole witness and presented a closing argument. On March 15, 2001, the trial court granted FCCS's motion for PCC. Appellant appeals, asserting the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED THE MOTHER'S RIGHTS TO COUNSEL AND TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT PERMANENTLY TERMINATED HER PARENTAL RIGHTS AFTER FAILING TO PROVIDE AN OPPORTUNITY TO PRESENT HER DEFENSE.
Appellant does not contest the underlying merits of the PCC finding or the sufficiency or weight of the evidence presented at the hearing. Rather, appellant's arguments are generally procedural in nature. Appellant first asserts the trial court erred when it denied her counsel's motion for leave to withdraw and forced her counsel to go forward despite his indication that he was unprepared due to appellant's lack of cooperation. We find this argument perplexing. Appellant's argument seems to be that had the trial court granted her counsel's motion to withdraw, she would have somehow been in a better position, which is nonsensical. Nevertheless, this court has held that it is an error and an abuse of discretion for a trial court to permit counsel for a party to withdraw on the day of trial where the effect of such withdrawal is to leave the party without representation or the ability to defend. See Hall v. Solid Corp. (Dec. 3, 1985), Franklin App. No. 85AP-576, unreported; see, also, Bennett v. Bennett (1993), 86 Ohio App.3d 343, 347; In re Donnelly (Mar. 31, 2000), Ashtabula App. No. 98-A-0054, unreported (trial court violated an absent mother's due process rights by allowing her appointed attorney to withdraw from a PCC case at the final hearing; court should have either required the attorney to proceed because appellant had the right to be represented or, in the alternative, granted a continuance); In re Bowman (Sept. 8, 1992), Stark App. No. CA-8853, unreported (abuse of discretion for trial court to permit counsel for an absent mother at a PCC hearing to withdraw on day of trial without first inquiring whether counsel had notified client of the decision to withdraw and had made efforts to avoid prejudicing the client's case). The record indicates that had the trial court granted the motion to withdraw, the case would have proceeded to hearing without appellant having any representation whatsoever. It was well within the trial court's discretion to deny the motion to withdraw so appellant would have representation at the hearing, particularly given that appellant failed to appear or otherwise defend herself.
Appellant further states the trial court failed to provide her with an opportunity to present her defense and, thus, denied her due process. To determine whether a parent was incorrectly denied the right to due process by her inability to attend a hearing, some courts have balanced: (1) the fundamental right of a parent to raise the child; (2) the risk of erroneous deprivation of that right, and the probable value of any procedural safeguards provided; and (3) the burden imposed on the government in providing additional safeguards. In re Sprague (1996),113 Ohio App.3d 274, 276, citing Mathews v. Eldridge (1976), 424 U.S. 319,96 S.Ct. 893.
In the present case, appellant was provided with adequate procedural safeguards. She was represented by counsel, her counsel cross-examined FCCS's witness and advocated her position to the court, and a complete record of the proceedings was made. See In re Smith (Mar. 1, 1995), Summit App. No. 16778, unreported (mother absent from PCC hearing was not denied due process because her counsel cross-examined witnesses and advocated her position to the court, and a full record was made). The trial court had already continued the hearing several times to allow appellant to obtain counsel, prepare her case, and gather evidence. Her ability to present testimony in opposition to FCCS's motion was inhibited only by her own absence. Any potential deprivation of appellant's rights, therefore, was a result of her own actions, and appellant fails to cite any case law or statute that requires her presence at the PCC hearing. See In re Baker (Jan. 16, 2001), Brown App. No. CA2000-04-010, unreported (mother's presence at PCC hearing is not required during hearing or examination of witnesses, and she cannot later claim error in light of her voluntary absence); In re Smith, supra.
In addition, although no continuance was ever requested, we cannot determine the probable value of continuing the hearing so appellant could be present because she did not demonstrate an interest in attending the hearing or show she would have made herself available for the hearing had it been continued. See In re Jackson (Aug. 13, 1999), Montgomery App. No. 17514, unreported (no due process violation when mother was absent from PCC hearing and her whereabouts were unknown). Although appellant's fundamental right to parent Robert is extremely significant, she has not demonstrated an interest in exercising this right. Noticeably absent from the trial pleadings or the appellate record is any explanation as to why appellant missed the final hearing. Nevertheless, she was represented by counsel at the hearing, and the evidence demonstrated she had put forth minimal effort to cooperate with FCCS in seeking a reunification with Robert. See id.
Further, appellant had ample opportunity to be heard after reasonable notice of the hearing, as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I, Ohio Constitution. See, generally, Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 125. Appellant was given proper notice and, in fact, signed the final continuance form on December 12, 2000. She gives no indication she was unaware of the hearing or was given inadequate notice. Appellant's own failure to appear and avail herself of the opportunity to prepare and present her defense to the allegations brought by FCCS was not the result of a lack of due process but, rather, a lack of diligence on her part. See Froug v. Ohio Bd. of Nursing (Feb. 1, 2001), Franklin App. No. 00AP-523, unreported. We can adduce no due process violation. Therefore, this argument is without merit.
Appellant next frames these same arguments as an ineffective assistance of trial counsel claim. Appellant claims her counsel was ineffective because he had to proceed forward unprepared. The right to counsel guaranteed in PCC proceedings, includes the right to the effective assistance of counsel. In re Heston (1998), 129 Ohio App.3d 825, 827. To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. Strickland v. Washington (1984), 466 U.S. 668, 687. To demonstrate deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Id. The adequacy of counsel's performance is reviewed in light of all the circumstances surrounding the trial. Id. Assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. State v. Bradley (1989), 42 Ohio St.3d 136, 142. Reversal is warranted only where the defendant demonstrates there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
In the present case, there has been no ineffective assistance of counsel. In her brief, appellant concedes her counsel was able to "effectively" cross-examine FCCS's only witness and to present a "cogent" closing argument. Her counsel was also aware of how she wished to proceed in contesting FCCS's motion, and counsel proceeded toward that end. Appellant complains her counsel's performance was nonetheless hampered because he lacked information. However, the reason her counsel lacked information was due to appellant's own neglect in missing her scheduled appointments and failing to appear at the hearing. Appellant was actively responsible for what she now claims to be an error and, thus, is precluded from arguing this before this court. See State v. Seiber (1990), 56 Ohio St.3d 4, 17; see, also, In re Baker, supra (where mother and attorney were voluntarily absent at a PCC hearing and could not cross-examine a witness, mother cannot claim error on appeal because she induced any error); In the Matter of Butler (Mar. 4, 1996), Stark App. No. 1995CA00070, unreported (mother was estopped from raising ineffective assistance of counsel argument on appeal for her counsel's withdrawal at PCC dispositional hearing when it was caused solely by mother's voluntary absence and failure to communicate with her attorney regarding her case). Apart from failing to demonstrate that her counsel's performance was deficient, appellant has also not demonstrated, or even asserted, that the outcome would have been any different had her attorney presented her case differently. She does not even present this court with any examples of evidence, testimony, or witnesses that she would have desired her attorney to present or elicit. Under the circumstances of this case, we do not find that appellant's trial counsel was ineffective. This argument is without merit.
Appellant finally argues that the trial court placed too much emphasis on her failure to appear at the hearing. Appellant attempts to minimize her absence by asserting that "the record does not unambiguously demonstrate a complete lack of cooperation by Appellant." However, the trial court did not state that there had been a complete lack of cooperation. The trial court acknowledged appellant's "minor effort" but found appellant's failure to appear diminished the persuasiveness of her counsel's position and tended to demonstrate her concession that she had no defense to the allegations. Nonetheless, as the guardian ad litem points out, the trial court was well within its discretion to consider appellant's absence from the hearing in making its determination. Permanent custody may not be granted unless the trial court finds clear and convincing evidence that one or more of the eight enumerated factors in R.C. 2151.414(E) exist. In re William S. (1996), 75 Ohio St.3d 95. R.C. 2151.414(E) permits the court to consider all relevant evidence. Appellant's failure to appear at the hearing would be probative of factor (E)(4), that the parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child. Further, factor (E)(16) allows the consideration of any other factor the court considers relevant. Appellant's failure to appear at the final PCC hearing for her child without providing any explanation or contacting her attorney is certainly relevant. Therefore, this argument is without merit. For the foregoing reasons, appellant's assignment of error is overruled.
Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
KENNEDY and DESHLER, JJ., concur.