JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals the trial court's judgment against him in the amount of $8,600.00.[1] Plaintiff cross-appeals the court's judgment in favor of defendant in the amount of $2200.
 {¶ 2} This case arises out of a complaint filed[2] by defendant's sister, plaintiff herein. Plaintiff filed suit for breach of contract relating to her sale of an automobile to defendant. Plaintiff had given defendant the title to the vehicle, but he failed to make the required payments totaling $10,800.00. When he filed his answer to plaintiff's complaint, defendant asserted a counterclaim in which he stated that plaintiff owed him $1200.00 for services he had performed at her home.[3]
 {¶ 3} A bench trial was set for September 11, 2003. Defendant was represented by counsel throughout the proceedings until September 10, 2003, the day before trial. On that day, defendant's attorney filed a motion to withdraw as counsel citing the fact that he had been terminated by defendant. The next day, before trial began, the court advised defendant that it had received his attorney's motion to withdraw. Defendant requested a continuance of the trial because he did not have an attorney. The trial court denied that request and defendant proceeded to trial pro se.
 {¶ 4} Approximately one month after trial, the court issued its written judgment. In that entry, the court returned a verdict of $8,600.00 in favor of plaintiff and allowed defendant a $2200.00 set-off on his counterclaim and defenses.
 {¶ 5} Defendant filed this timely appeal in which he asserts three assignments of error. Plaintiff has filed a cross-appeal in which she presents one assignment of error.
 {¶ 6} Defendant's first assignment of error is dispositive of this appeal.
 {¶ 7} "I. The trial court abused its discretion in not allowing Mr. Seget a reasonable continuance in order to retain counsel and forcing Mr. Seget to represent himself at trial.
 {¶ 8} Defendant argues that the trial court abused its discretion in denying his oral request to continue the trial. We agree.
 {¶ 9} The decision to grant or deny a motion for continuance lies within the discretion of the trial court and will not be reversed on appeal unless the trial court has abused its discretion. Byron v. Byron, Franklin App. No. O3AP-819, 2004-Ohio-2143, citing State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078. "`[T]he term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Slowbev. Slowbe, Cuyahoga App. No. 83079, 2004-Ohio-2411, at ¶ 43, citing State v. Adams, 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 10} When a decision to deny a continuance is appealed, "[t]he reviewing court must apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party." Burton v. Burton
(1999), 132 Ohio App.3d 473, 476, 1999-Ohio-844, 725 N.E.2d 359, citing Unger, supra, at 67-68. Griffin v. Lamberjack (1994),96 Ohio App.3d 257, 264, 644 N.E.2d 1087. The court should consider certain factors in evaluating a motion for a continuance:
 {¶ 11} the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
 {¶ 12} Unger, at 67-68.
 {¶ 13} When a party's counsel has withdrawn on or near the day of trial, it is an abuse of discretion for a trial court to refuse to grant a continuance so that a party can obtain new counsel. Lowe v. Lowe, (Dec. 23, 1985), Montgomery App. No. CA 9544, 1985 Ohio App. LEXIS 9905, at *4-*5, citing Annotation, Withdrawal or Discharge of Counsel in Civil Case as Ground for Continuance (1956), 48 A.L.R.2d 1155, 1166-68. This court has held that it is an abuse of discretion for a trial court to deny a motion for continuance where the attorney withdrew three days before trial. Hughes v. Hughes, (Dec. 10, 1998), Cuyahoga App. No. 73834, 1998 Ohio App. LEXIS 5923.
 {¶ 14} Here, the record reflects that defendant made an oral motion for a continuance just before trial was to begin. Before the court denied the request the following comments were made:
 {¶ 15} JUDGE CARROLL: * * * This case is being called for trial today, this case being set for trial on July 21st, perhaps a month and a half ago.
I want the record to reflect that yesterday a motion was filed by Stephan Wagner to withdraw as Counsel for the defense, saying that his services were terminated by the Defendant.
So, Mr. Seget is representing himself, correct?
 {¶ 16} MR. SEGET: Correct.
 {¶ 17} JUDGE CARROLL: Before we begin trial, anything else to —
 {¶ 18} MR. SEGET: Actually, Your Honor, I was wondering, obviously, since I don't have legal counsel, if I could get a continuation of this case.
 {¶ 19} JUDGE CARROLL: What is the Plaintiff's position?
 {¶ 20} MR. CORPUS: I would request the Court that the continuation not be granted. This case was set for trial. It's not that Plaintiff's Counsel withdrew of his own accord. It's that the Defendant had terminated him and that has created this situation.
 {¶ 21} JUDGE CARROLL: You're objecting to the continuance?
 {¶ 22} MR. CORPUS: Yes, I am.
 {¶ 23} JUDGE CARROLL: All right, it will be overruled.
This case was set a month and a half ago. You had notice of this. If there is a problem between you and your Counsel, it's up to you to either work that out or obtain new Counsel.
I reviewed the — in anticipation of your requesting this, we do not have another block of time available for at least three months, and I'm not going to continue it that long, and it would also probably take that amount of time for any new attorney to get up to speed on this in light that the discovery has already been conducted.
The plaintiff is here, Counsel is here, they have reserved the day, I have reserved the day, we're set to go. You can't say, "I fired my attorney the day before," and this is something of your own volition. If this was something where your attorney said, "I don't want to represent you," and he pulled out, and it was out of your hands, or if he was in the hospital or something completely out of your hands, then that would be something different, but this is a delay caused solely by your own conduct.
 {¶ 24} MR. SEGET: I mean, he was back in Cleveland; he just wasn't doing what I asked.
 {¶ 25} JUDGE CARROLL: Well, that was up to you —
 {¶ 26} MR. SEGET: This came up about a week ago.
 {¶ 27} JUDGE CARROLL: Well, that's something you should have determined a long time ago.
 {¶ 28} MR. SEGET: He was actually supposed to be here.
 {¶ 29} JUDGE CARROLL: He has withdrawn. He's off the case.
 {¶ 30} MR. SEGET: Because he told me he was going to be here.
 {¶ 31} JUDGE CARROLL: Well, we'll proceed.
 {¶ 32} MR. SEGET: He never called me or anything. I was expecting him to be here.
 {¶ 33} JUDGE CARROLL: You said you terminated his services; is that correct?
 {¶ 34} MR. SEGET: He said that's what I had to do because he was in trouble.
 {¶ 35} JUDGE CARROLL: Is that what you did? Did you terminate his services?
 {¶ 36} MR. SEGET: Technically, yes.
 {¶ 37} JUDGE CARROLL: All right, well, then, he's off the case.
 {¶ 38} MR. SEGET: He said that I had to do that because he wanted to back out, so I had to —
 {¶ 39} JUDGE CARROLL: Well, that's what you did.
 {¶ 40} MR. SEGET: I got tricked here.
 {¶ 41} JUDGE CARROLL: Well, no one is tricking you. I mean, again, this case was set a month and a half ago for today. This wasn't something — we agreed to set this for trial on Monday afternoon. You had notice and if there was a problem with your attorney, that's something that you should work out. I'm not having the other people penalized because of that.
 {¶ 42} MR. SEGET: This just came up like within the week here.
 {¶ 43} JUDGE CARROLL: Even if it came up a week ago, there's not that —
 {¶ 44} MR. SEGET: I apologize Your Honor. I mean, I have no idea how the legal system works. That's why I hired an attorney, and that's what he told me I had to do.
 {¶ 45} JUDGE CARROLL: Before we begin, Mr. Corpus, is it worth it to talk to Mr. Seget and try to settle this case? I don't want to delay.
 {¶ 46} Tr. 3-8. Later, during plaintiff's case-in-chief, defendant's attorney appeared in court. Just before plaintiff took the stand for direct examination, the court stated: "Off the record. Mr. Wagner is here." Tr. 60. The trial transcript indicates that the court went off the record. When the court went back on the record, the trial continued with defendant pro se.
 {¶ 47} The record in the case at bar demonstrates that had the court granted defendant's request for a trial continuance, the length of that delay would have been approximately three months, which, as noted by the court itself, would probably be the "amount of time for any new attorney to get up to speed on this in light that the discovery has already been conducted." Tr. 4. Further, the court's docket fails to show any other requests to continue the trial. Other than the court's statement that it was ready for trial, the record is otherwise devoid of any discussion about what, if any, inconvenience a continuance would have caused the litigants, witnesses, opposing counsel or the court.
 {¶ 48} Significantly, there is no definitive evidence that defendant's request for a continuance was for legitimate reasons or whether it was dilatory, purposeful, or contrived. Part of the record demonstrates that the trial court believed defendant unilaterally terminated his attorney. Other parts of the record, however, highlight defendant's position that defendant was merely doing what his counsel told him to do to satisfy a technicality, but that he expected his counsel to be present.
 {¶ 49} Implicit in the question of whether a court should grant a trial continuance is the additional issue of whether a trial court abuses its discretion in allowing an attorney to withdraw on the eve of trial. "`Courts are reluctant to approve withdrawal of counsel on the eve of trial or when the client will be left unrepresented at trial.'" McGraw v. Convenient FoodMart, (June 18, 1999), Lake App. No. 97-L-271, 1999 Ohio App. LEXIS 2818, quoting Guttenberg Snyder, The Law of Professional Responsibility in Ohio (1992), 79; McGraw, supra (trial court would not permit attorney to withdraw on the morning of trial);State v. Hayes, (Nov. 3, 1989), Ashtabula App. No. 88-A-1402, 1989 Ohio App. LEXIS 4125, (trial court did not abuse its discretion in denying counsel's motion to withdraw made five days before trial); Lowe v. Lowe, (Dec. 23, 1985), Montgomery App. No. CA 9544, (trial court abused its discretion allowing attorney to withdraw on day of trial.)
 {¶ 50} The propriety of an attorney's request to withdraw his/her representation from a client is governed by the Code of Professional Responsibility and the Local Rules of Court.Bennett, supra. Applicable to the case at bar are DR 2-110(A)(1)[4] and 2-110(A)(2) of the Code of Professional Responsibility. These sections deal with the withdrawal of an attorney from legal representation of a client and provide that:
 {¶ 51} "(1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.
 {¶ 52} "(2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.
 {¶ 53} In Bennett v. Bennett (1993), 86 Ohio App.3d 343,620 N.E.2d 1023, this court held that the trial court abused its discretion in allowing trial counsel to withdraw immediately prior to a show cause hearing, which forced appellant to proceed pro se. A trial court has "a duty to enforce the mandate of DR 2-110(A)(1), [and] 2-110(A)(2)." Id., at 347.
 {¶ 54} In the case at bar, the docket does not show that the attorney's motion to withdraw, filed on September 10, 2003, was ever formally granted before trial began. It is not until October 31, 2003, when the court issued its verdict that we learn that it had granted the motion to withdraw just before trial began. DR 2-110(A)(1).
 {¶ 55} On the day of trial, there is no evidence that counsel had taken any steps to provide defendant with proper notice of his request to withdraw the day before trial. In fact, counsel's motion to withdraw does not include a certificate of service stating that defendant was sent a copy of that motion. The docket does not show service of that motion upon defendant either. The record does not demonstrate that defendant knew the motion had even been filed prior to arriving in court for trial. Moreover, defendant insisted that his attorney told him he would be in court on the day of trial.
 {¶ 56} After his oral motion for continuance was denied, defendant repeatedly attempted to explain to the court the circumstances. He tried to tell the court that it was his attorney who told him he wanted off the case because "he was in trouble" and that his lawyer told defendant to terminate him. Tr. 6. The record reflects the following exchange before trial began:
 {¶ 57} JDGE CARROLL: So, the settlement offer is that he returns the car and a hundred dollar inspection, and that would be the end of it for everybody?
 {¶ 58} MR. CORPUS: Correct, and that's what we demanded before we filed suit.
 {¶ 59} JUDGE CARROLL: Do you understand that, Mr. Seget?
 {¶ 60} MR. SEGET: Actually, that's the reason for the termination of my —
 {¶ 61} JUDGE CARROLL: All I was asking is "yes" or "no"; do you understand that?
 {¶ 62} MR. SEGET: Do I understand what?
 {¶ 63} JUDGE CARROLL: What they're offering to settle the case.
 {¶ 64} * * *
 {¶ 65} JUDGE CARROLL: All right.
 {¶ 66} MR. SEGET: That was the reason for the termination.
 {¶ 67} JUDGE CARROLL: I'm not asking you that. I don't want to get into that. There is an attorney/client privilege. All I'm saying is the offer, as I understand it now, is $10,800.00 or return the car a $100.00 inspection fee. Are you willing to do either one of those?
 {¶ 68} MR. SEGET: No.
 {¶ 69} JUDGE CARROLL: Then, let's proceed with trial.
 {¶ 70} * * *.
 {¶ 71} TR. 8-10. After citing attorney-client privilege, the trial court refused to allow defendant to explain why his lawyer was terminated.
 {¶ 72} The attorney-client privilege, however, protects only communications made by a client to his attorney, not the other way around. Smalley v. Friedman, Domiano Smith Co. L.P.A.,
Cuyahoga App. No. 83636, 2004-Ohio-2351. Moreover, only the client can waive the privilege. Id.
 {¶ 73} In the case at bar, defendant wanted to explain why his lawyer's services were terminated. There is nothing in the record indicating that defendant should not have been given the opportunity to explain what happened between him and his attorney. Even if defendant's reasons for terminating his attorney involved communications he made to his lawyer, he, nonetheless, had the exclusive right to waive the privilege if he chose to do so.
 {¶ 74} We further reject the trial court's admonition that because trial had been set for more than one month defendant should have done something earlier about retaining new counsel. The record clearly demonstrates that defendant's attorney made his request to withdraw from the case on the eve of trial, making it virtually impossible for defendant to retain other counsel before trial. And when defendant's attorney did appear in court, as defendant said he was expected to, the court went off the record, leaving this court with only more questions about the circumstances of the attorney's request to withdraw.
 {¶ 75} On this record, we conclude that the trial court was unreasonable and arbitrary in denying defendant's request for a trial continuance so that he could obtain new counsel. Defendant's first assignment of error is sustained.
 {¶ 76} Because we find merit in defendant's first assignment of error, his remaining assignments[5] and plaintiff's sole cross-assignment of error[6] are moot.
 {¶ 77} The trial court's judgment is hereby vacated and this matter remanded for a new trial.
This cause is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., concurs.
 Dyke, P.J., concurs in judgment only.
[1] The judgment includes interest from the date of judgment at a rate of ten per cent (10%) per annum.
[2] The complaint was filed on November 1, 2002.
[3] Defendant also made a claim for property damage which is not relevant to our disposition of this matter.
[4] The rule incorporates the provisions of DR-2-110(C), which governs permissive withdrawal from employment.
[5] Assignment of Error II: The trial court erred by rendering a judgment for the full amount of the contract rather than just on the unpaid installments that were past due.
Assignment of Error III: The court's verdict is against the manifest weight of the evidence.
[6] The cross-appeal consists of one assignment of error: "The trial judge committed error by awarding the defendant $1200 representing alleged payments to plaintiff and $1000 for services performed as the trial testimony did not support this award."