OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Dr. Robert D. Travis, filed July 26, 2006. Appellee Sebaly Shillito +Dyer ("SS+D") is a legal professional association that represented Travis in a complicated business deal involving his medical practice and related businesses. SS+D billed Travis $6,284.62 for its work, and Travis paid $300.00 on April 30, *Page 2 
2004, and $1284.62 on June 10, 2004, toward the balance. SS+D sued Travis on September 19, 2005, alleging breach of contract, promissory estoppel and unjust enrichment.
 {¶ 2} On October 27, 2005, Travis filed a pro se Answer and Notice of Special Appearance and Motion in Opposition to Venue. The trial court interpreted Travis' motion as one to change venue and overruled it on November 18, 2005. Travis retained counsel and a Notice of Appearance of Counsel was filed November 29, 2005. The matter was set for a bench trial on December 23, 2005. Travis informed SS+D that he possessed a tape recorded conversation in which an SS+D attorney promised Travis that SS+D would not bill him more than $1500.00 for SS+D's work. On December 22, 2005, the trial court referred the matter to the Magistrate. The trial date was continued to March 22, 2006, pursuant to a pretrial conference with the Magistrate. On January 17, 2006, Travis filed "Plaintiff s Statement to the Court in Regards to the Non-Existence of Taped Conversations between the Plaintiff and the Defendant," in which Travis, "per instruction by the Court," stated that the tape of the alleged conversation between Travis and SS+D regarding fees did not exist.
 {¶ 3} On March 7, 2006, SS+D filed a motion to compel discovery which the Magistrate granted on March 9, 2006. On March 15, 2006, Travis filed a "Motion to Release Counsel, Motion for Continuance to Obtain Counsel, Motion to Extend Time to Comply with Order to Compel." SS+D opposed the motion to continue and moved for sanctions. On March 17, 2006, the trial court issued a Decision overruling Travis' motion to continue and setting a hearing on SS+D's motion for sanctions on the day of the trial. The court reasoned, "Based upon the procedural history of this case and the relatively non-complex legal issues that have been raised by the pleadings in this matter, the Court believes that it would not be appropriate to *Page 3 
continue, once again, the trial date in this matter. * * * The Defendant may either continue to be represented by [counsel of record], represent himself pro se, or hire new counsel whose schedule will accommodate the March 22, 2006 trial."
 {¶ 4} On March 21, 2006, Travis' counsel filed a Motion to Withdraw, citing a "complete breakdown in the attorney client relationship." The Magistrate granted the motion on the day of trial, after a hearing. Travis was not present for trial. Following the trial, the Magistrate issued a Decision on April 11, 2006, recommending that SS+D be awarded judgment in the amount of $5000.00 plus interest and that sanctions be awarded to SS+D in the amount of $1237.50 plus interest. The Magistrate noted therein that counsel for Travis "indicated that the Defendant, had failed to cooperate with counsel to such a degree that counsel was unable to competently represent the Defendant in this matter. It should also be noted that the Defendant filed a motion, pro se, asking the court to release Mr. Marshall from his representation responsibilities in this matter. As a result of all of the above, Mr. Marshall was allowed to withdraw as counsel of record in this matter minutes before beginning trial."
 {¶ 5} Travis filed timely pro se Objections to the Magistrate's April 11, 2006 Decision on April 25, 2006. In relevant part, Travis objected because "Magistrate Fuchsman specifically ordered that defendant could continue to be represented by [counsel of record], then released him moments before trial." Travis did not file a transcript of the proceedings before the Magistrate with the trial court. On April 28, 2006, the trial court adopted the Magistrate's Decision. The trial court later granted an extension of time to SS+D to oppose Travis' objections, and SS+D filed a memorandum in opposition on May 16, 2006.
 {¶ 6} On June 26, 2006, the trial court overruled Travis' objections and adopted the *Page 4 
magistrate's decision. The trial court concluded, in relevant part, "Because the Court provided Travis with ample opportunity to prepare for his case and because Travis continually evaded discovery, it was proper for the Magistrate to deny Travis' motion for a continuance." The trial court further found, "Because no trial transcript nor affidavit was supplied to the Court, Travis is barred from raising an objection to the Magistrate's Decision on the findings of fact pursuant to Ohio Civ.R. 53(E)(3)(c)."
 {¶ 7} Travis asserts one assignment of error as follows:
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT/DEFENDANT BY GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW BEFORE TRIAL"
 {¶ 9} "Pursuant to Civ.R. 53(E)(3), a party who disagrees with a magistrate's proposed decision must file objections to said decision. When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. (Internal citations omitted). In accordance with Civ.R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. (Internal citations omitted). Thus, the trial court's standard of review is de novo." Liebold v. Hiddens, Montgomery App. No. 21487,2007-Ohio-2972.
 {¶ 10} "An `abuse of discretion' standard, however, is the appellate standard of review when reviewing a trial court's adoption of a magistrate's decision. Claims of trial court error must be based on actions taken by the trial court, itself, rather than the magistrate's findings or proposed decision. When an appellate court reviews a trial court's adoption of a magistrate's report for an abuse of discretion, such a determination will only be reversed where it appears *Page 5 
that the trial court's actions were arbitrary or unreasonable. (Internal citation omitted). Presumptions of validity and deference to a trial court as an independent fact-finder are embodied in the abuse of discretion standard. * * *
 {¶ 11} "An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. (Internal citation omitted). When applying the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court." Liebold.
 {¶ 12) "[P]ro se litigants are not accorded greater rights related to correct legal procedure." Winkler v. Winkler, Franklin App. Nos. 02AP-937, 02AP-1267.
 {¶ 13} "The right to counsel for which Section 10, Article I of the Ohio Constitution and the Fifth and Sixth Amendments to the United States Constitution provide does not extend to civil proceedings." (Internal citation omitted). In re Dryer, (March 31, 2000), Montgomery App. No. 18040.
 {¶ 14} Absent plain error, a defendant's failure to object results in a waiver of the issue for purposes of appeal. Winkler v. Winkler (March 31, 2000), Franklin App. Nos. 02AP-937, 02AP-1267.
 {¶ 15} We first note that we agree with SS+D that the cases upon which Travis relies are distinguishable from the matter herein. In Bennett v.Bennett (1 993), 86 Ohio App.3d 343, 620 N.E.2d 1023, an attorney was allowed to withdraw immediately before a show cause hearing, without notice to the client, and the client was required to proceed without counsel. Citing the Code of Professional Responsibility, the court determined that the client was prejudiced by the withdrawal: "This is especially true, since the appellant stated specifically that he was not familiar with legal procedures *Page 6 
and proceedings, nor was an inquiry made by the trial court into whether appellant desired new counsel or was insulated from foreseeable prejudice." Id. In Hall v. Solid Corp. (Dec. 3, 1985), Franklin App. No. 85AP-576, the trial court violated a local rule when it allowed a lawyer to withdraw within five days of trial. The court noted, "it is error and an abuse of discretion for a trial court to permit counsel for a defendant to withdraw on the day of trial where the effect of such withdrawal is to leave the defendant without representation or ability to defend." Id.
 {¶ 16} Travis was on clear notice that the trial would not be continued beyond March 22, 2006. He did not have a right to counsel. Unlike the attorney in Bennett, Travis expressed an intent to fire his counsel one week before trial. It was clear from the Bennet transcript that the client therein was unfamiliar with the legal process. In contrast, Travis filed his "Answer and Notice of Special Appearance and Motion in Opposition to Venue" pro se (as well as his Objections). Travis failed to appear for trial, and it would be absurd to expect counsel to proceed without his client in an action upon a contract. In other words, since Travis failed to appear for his own trial and expressed a desire to fire his attorney, he was not prejudiced by the court's decision. In granting the motion to withdraw, the trial court did not violate any local rule. Finally, Travis waived his right to object on appeal to the trial court's grant of counsel's motion to withdraw. Presuming the validity of the proceedings below, we see no abuse of discretion, and Travis' assignment of error is overruled. Judgment affirmed. *Page 7 
BROGAN, J. and VALEN, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1