[Cite as *Sycamore Twp. v. Carr*, 2022-Ohio-1337.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SYCAMORE TOWNSHIP, OHIO, | : | APPEAL NO. C-210389 |
| | | TRIAL NO. A-1602447 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ALICE CARR, et al., | : | |
| Defendants, | : | |
| and | : | |
| DR. PARNEET SOHI, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: April 22, 2022

*Donnellon, Donnellon & Miller* and *Robert T. Butler*, for Plaintiff-Appellee,

*Dr. Parneet Sohi*, pro se.

**BERGERON, Judge.**

{¶1}    In this zoning dispute, the trial court granted an order enforcing a settlement agreement between the parties.  On appeal, defendant-appellant Dr. Parneet S. Sohi insists that the trial court should not have granted the motion to enforce without joining his former attorneys to the action (who received fees per the agreement).  He also challenges the trial court's decision granting his attorneys' motion to withdraw as counsel.  We, however, overrule Dr. Sohi's assignments of error and affirm the judgment of the trial court.

I.

{¶2}    In 2016, plaintiff-appellee Sycamore Township filed suit for injunctive relief against Alice Carr and Gurm Gurdarshan alleging that they possessed and controlled a parcel of land that violated the Sycamore Township Zoning Code because of several political

campaign signs located on the premises.[1] Ms. Carr allegedly occupied the parcel in question at the time of the complaint's filing, but Sycamore Township dismissed her later in the proceedings. Sycamore Township sued Mr. Gurdarshan in his capacity as trustee over the Sohi Trust, which owned the parcel of land.

{¶3} Roughly two years later, in June 2018, Dr. Sohi (a dentist and former candidate for political office) and Friends of Sohi (a campaign committee) moved to intervene as party-defendants.[2] The trial court granted the motion because Dr. Sohi was the beneficiary of the Sohi Trust and Friends of Sohi had a political interest in maintaining the signs.

{¶4} The parties reached a settlement agreement in August 2020. Under the terms of that agreement, the parties agreed to file a joint stipulation of dismissal with prejudice, the Sohi Trust agreed to make modifications to signs located on the property, and Sycamore Township agreed to make certain settlement payments to the defendants and their attorneys.

{¶5} The parties filed a joint stipulation of dismissal with prejudice in October 2020, but Dr. Sohi, Mr. Gurdarshan, and Friends of Sohi (collectively, "the defendants") allegedly reneged on the settlement agreement, which prompted Sycamore Township to move to enforce the agreement in March 2021. As the case sputtered back to life, the defendants' attorneys moved to withdraw as counsel—a request granted by the trial court. After a hearing, the trial court ultimately granted Sycamore Township's motion to enforce, ordering that it be allowed to enter the property in question to remove certain signage, in addition to other relief. Dr. Sohi's pro se appeal followed (no other defendant joined him as an appellant), in which he argues: (1) the trial court could not have enforced the settlement agreement without

---

[1] Sycamore Township originally sued Hardial Singh as trustee for the Sohi Trust, but the township subsequently amended its complaint, replacing Mr. Singh with Mr. Gurdarshan.
[2] Dr. Sohi had initially filed his own complaint against Sycamore Township, but the trial court dismissed it, concluding that Dr. Sohi should have intervened in this action.

joining his former lawyers because they were entitled to attorney's fees under the agreement, and (2) the trial court erroneously granted his lawyers' motion to withdraw.

II.

**{¶6}** Dr. Sohi's first assignment of error takes aim at the failure to join his former attorneys as necessary parties because the settlement agreement allocated certain payments to them. Although we can imagine scenarios in which counsel must be joined to a motion to enforce a settlement agreement, Dr. Sohi fails to advance the requisite showing for this in the case at hand.

**{¶7}** As a threshold matter, Dr. Sohi never broached this joinder issue below. Dr. Sohi filed a response to the motion to enforce, in which he depicted the motion as frivolous, but this filing said nothing about the failure to join his former lawyers. Typically, when a party fails to advance an argument before the trial court, we will not entertain it on appeal. *U.S. Bank Natl. Assn. v. Broadnax*, 1st Dist. Hamilton No. C-180650, 2019-Ohio-5212, ¶ 13 (" 'A party who fails to raise an argument in the court below waives his or her right to raise it on appeal.' "), quoting *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993). We see no reason to follow a different path here.

**{¶8}** Moreover, even if he had preserved the argument, the motion to enforce the settlement agreement only addressed Dr. Sohi's performance of his obligations under the agreement. As best we can tell from the record, no one suggested that counsel breached some obligation to perform—indeed, the lawyers were not even parties to the settlement agreement. *See J. Bowers Constr. Co. v. Gilbert*, 2014-Ohio-3576, 18 N.E.3d 770, ¶ 50-52 (9th Dist.) (holding that an insurance company was not a necessary and indispensable party to a lawsuit alleging that the homeowners breached a construction contract where "[t]here [was] no evidence * * * of a contract between [the plaintiff] and [the insurance company]"). Nor has Dr. Sohi explained in his appellate brief why counsel must have been joined. Accordingly, we

4

decline to find fault in the trial court's failure to sua sponte require counsel's participation as parties in the adjudication of the motion, and we overrule Dr. Sohi's first assignment of error.

### III.

{¶9} Dr. Sohi's second assignment of error challenges the trial court's decision granting his former attorneys' motion to withdraw as counsel, insisting that the decision violated the spirit of the Rules of Professional Conduct. Ohio courts "review[] the trial court's decision on a motion to withdraw as counsel under an abuse of discretion standard." *Wallick v. Lent*, 5th Dist. Tuscarawas No. 2008 AP 05 0034, 2009-Ohio-1399, ¶ 46. *See, e.g., State v. Hall*, 8th Dist. Cuyahoga No. 108235, 2019-Ohio-5123, ¶ 8 (same); *State v. James*, 2d Dist. Clark No. 98-CA-54, 1999 Ohio App. LEXIS 506, *13 (Feb. 19, 1999) (same); *McDerment v. McDerment*, 9th Dist. Lorain No. 18CA011369, 2019-Ohio-2609, ¶ 10 (same).

{¶10} Dr. Sohi presents two cases to establish that the trial court went astray here. He first relies on *Bennett v. Bennett*, 86 Ohio App.3d 343, 344, 620 N.E.2d 1023 (8th Dist.1993), a divorce case where the trial court granted a divorce decree that incorporated a separation agreement. The husband breached the separation agreement, and the wife filed a motion to show cause, seeking attorney fees and expenses. *Id.* Moments before the trial court's hearing on this motion, the husband's counsel moved to withdraw as counsel. *Id.* at 344-345. The trial court granted the request, leaving the husband in the lurch but ordering him to proceed through the hearing without representation. *Id.* The Eighth District held that the trial court abused its discretion by granting the motion to withdraw because neither the trial court nor counsel took reasonable steps to ensure that the client was not prejudiced by counsel's withdrawal. *Id.* at 347.

{¶11} Dr. Sohi also features *Tschudy v. Tschudy*, 5th Dist. Stark No. CA-7294, 1988 Ohio App. LEXIS 673, *2-3 (Feb. 16, 1988), a child-custody dispute where the wife's former attorney requested to withdraw as counsel at the hearing to determine custody. No evidence

indicated that the attorney provided the wife notice of his intention to withdraw prior to this hearing. *Id.* at 2-3. The Fifth District held that the trial court had a duty to enforce the spirit of the professional rules of conduct, which required the trial court to inquire into counsel's motivation to withdraw, whether withdrawal would prejudice his client, and whether counsel had taken reasonable steps to avoid foreseeable prejudice to the client. *Id.* at 3-4. The Fifth District held that the trial court violated this duty, and remanded for further proceedings. *Id.* at 4.

{¶12} The facts of this case bear no resemblance to the records in *Bennett* and *Tschudy*. Dr. Sohi's lawyers moved to withdraw as counsel on March 29, 2021. The memorandum in support of the motion to withdraw indicated that counsel might have a conflict of interest and explained that the attorneys had no desire to retry a case that was already dismissed by way of a joint stipulation of dismissal. The memorandum further detailed that the lawyers had advised the clients of the intention to withdraw, informed the clients of the deadline to file responses to Sycamore Township's motion to enforce, negotiated with opposing counsel to obtain a stipulated extension for filing responses in order to allow the defendants time to locate substitute counsel, and encouraged the defendants to obtain new counsel. In other words, they did everything that we would expect prudent counsel to do in such a situation. *See* Prof.Cond.R. 1.16.

{¶13} The stipulated extension was filed on the same date that the attorneys moved to withdraw. Nearly two months later, the trial court held a hearing where Dr. Sohi acknowledged that he was aware of his attorneys' motion to withdraw, but maintained that withdrawal was inappropriate at that time because he believed that the case had not been resolved. The court nevertheless recognized that Dr. Sohi had sufficient notice and opportunity to substitute counsel (over the two-month period) and granted the request to withdraw.

{¶14} Unlike in *Bennett* and *Tschudy*, Dr. Sohi had ample notice of counsel's intention to withdraw. This is not a case where counsel suddenly moved to withdraw on the cusp of a critical hearing, without advance warning to the client. And unlike those cases, the defendants' former lawyers averred that they made substantial efforts to protect the defendants' legal interests during the withdrawal process—and defendants do not dispute that fact. Accordingly, the trial court did not abuse its discretion by granting Dr. Sohi's attorneys' motion to withdraw.

\* \* \*

{¶15} Based on the foregoing analysis, we overrule Dr. Sohi's two assignments of error, and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P. J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.