WILSON, Appellee,

v.

WILSON, Appellant.

[Cite as *Wilson v. Wilson,* 154 Ohio App.3d 454, 2003-Ohio-4474.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–03–16.

Decided Aug. 25, 2003.

David K. Greer, for appellant.

Perry R. Parsons, for appellee.

THOMAS F. BRYANT, Presiding Judge.

{¶ 1} Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5). Defendant-appellant, Cassie N. Wilson, brings this appeal from the judgment of the Court of Common Pleas of Union County, Domestic Relations Division, granting custody of the parties' minor child to plaintiff-appellee, Jason W. Wilson.

{¶ 2} On Friday, February 7, 2003, counsel for Cassie filed a motion to withdraw from representation.[1] The alleged bases for the withdrawal were that Cassie had not adequately assisted counsel in the representation and that counsel no longer knew where Cassie was residing. Counsel alleged that she had given notice to Cassie by sending a copy of the notice to withdraw to her client via regular mail at her last known address on the same day that she filed the motion.[2] On Monday, February 10, 2003, the magistrate granted the motion to withdraw without a hearing and without any contact with Cassie. The divorce had previously been scheduled for trial on the following Wednesday, February 12, 2003. On that day, Cassie contacted her counsel about the trial and was informed by counsel that she had withdrawn from representing her. Cassie then contacted the magistrate, and the trial was continued until March 3, 2003.

{¶ 3} On March 3, 2003, Cassie appeared before the trial court without counsel. Cassie, who was indigent, claimed to have been unable to find counsel and asked for a second continuance because she had not yet been able to obtain new counsel. The magistrate denied the motion, finding that appellant had already had two weeks to obtain new counsel, had failed to cooperate with prior counsel, and that the matter had been pending since the prior summer. Cassie informed the magistrate that she had never received notice of counsel's withdrawal and would have objected to the grounds for the withdrawal if she had been given the opportunity to do so prior to its being granted. Cassie filed objections to the magistrate's findings. The trial court overruled the objections and adopted the findings of the magistrate.

{¶ 4} This appeal presents one assignment of error, claiming that the trial court erred by granting the motion to withdraw without first ensuring that Cassie's interests were protected.

{¶ 5} A trial court has a duty to ensure that the mandates of DR 2–110(A)(2) are followed prior to allowing counsel to withdraw. The failure to do so is reversible error. *Bennett v. Bennett* (1993), 86 Ohio App.3d 343, 620 N.E.2d 1023.

"(2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

---

1. Counsel was a member of Legal Aid.

2. This court notes that the filing of a motion to withdraw five days prior to trial date violates Civ.R. 6(D), which requires all motions to be filed more than seven days before trial.

"* * *

"(C) Permissive withdrawal. If DR 2–110(B) is not applicable, a lawyer may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:

"(1) His client:

"* * *

"(d) By other conduct renders it unreasonably difficult for the lawyer to carry out his employment effectively." DR 2–110.

"* * * A lawyer should not withdraw without considering carefully and endeavoring to minimize the possible adverse effect on the rights of his client and the possibility of prejudice to his client as a result of his withdrawal. Even when he justifiably withdraws, a lawyer should protect the welfare of his client by giving due notice of his withdrawal, suggesting employment of other counsel, delivering to the client all papers and property to which the client is entitled, cooperating with counsel subsequently employed, and otherwise endeavoring to minimize the possibility of harm." EC 2–31.

{¶ 6} In this case, the record clearly indicates that the motion to withdraw was granted one business day after being filed and two days before the scheduled trial date. No attempts were made by the trial court to ensure that Cassie's interests were protected before the motion to withdraw was granted. The motion to withdraw itself indicates that the mandates of DR 2–110(B) were not met. The motion is silent as to whether any documents were returned to the client. To the contrary, it implies that nothing was returned to the client, since it states that the attorney did not know where Cassie resided. The only mention of notice to the client was in the certificate of service, which states that the notice was sent to the client by regular mail on the same day it was filed. This means that at the earliest, Cassie would have received the notice Saturday, February 8, 2003, a mere four days before trial. This is not reasonable notice to the client of the attorney's decision to withdraw.

{¶ 7} If this case were one in which the trial court granted the motion to withdraw and required Cassie to proceed with the trial as scheduled, this court would find that Cassie was not given adequate notice and was prejudiced by the withdrawal. That is not the case before the court in this instance. Although the attorney failed to give adequate notice of the withdrawal, the magistrate granted Cassie a continuance of 19 days to permit her to obtain counsel. Cassie, for some reason, failed to do so. The control of the court's schedule is left within the sound discretion of the trial court. Thus, this court will not find that the trial

court erred in denying a second continuance. The assignment of error is overruled.

{¶ 8} The judgment of the Court of Common Pleas of Union County, Domestic Relations Division, is affirmed.

Judgment affirmed.

WALTERS and CUPP, JJ., concur.