[Cite as *Third Fed. Sav. Bank v. Cox*, 2012-Ohio-477.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96871

# THIRD FEDERAL SAVINGS BANK

### PLAINTIFF-APPELLEE

### vs.

# PAUL W. COX, ET AL.

### DEFENDANTS-APPELLANTS

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-673223

**BEFORE:**  Sweeney, P.J., Jones, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**     February 9, 2012

**ATTORNEY FOR APPELLANT**

Paul W. Cox, Jr., Esq.
16311 Fernway Road
Shaker Heights, Ohio 44120

**ATTORNEYS FOR APPELLEE**

Donald A. Mausar, Esq.
Amanda Rasbach Yurechko, Esq.
Weltman, Weinberg & Reis
323 W. Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶ 1}  Defendant-appellant, Paul W. Cox ("Cox"), appeals from the trial court's decision that awarded plaintiff-appellee, Third Federal Savings Bank ("Third Federal") damages on its claim against him for default on a home equity loan.   For the reasons that follow, we affirm.

{¶ 2}  Third Federal commenced this action against Cox seeking a money judgment pursuant to the terms of a home equity loan. The trial court granted Third Federal's motion for summary judgment and awarded it $24,992.95 plus interest.   Cox appealed to this Court in *Third Fed. Sav. Bank v. Cox*, 8th Dist. No. 93950, 2010-Ohio-4133, 2010 WL 3442505 ("*Cox*

*I"*).  In *Cox I*, this court affirmed the summary judgment order finding Cox was liable to Third Federal pursuant to a default on the home equity loan. However, the case was remanded to the trial court with instructions to have further proceedings in order to determine the amount owed under the agreement.

{¶ 3}  The docket indicates that discovery was completed in this case on February 25, 2009. The case was stayed and not re-activated until April 6, 2009. A scheduling conference was held and the journal entry reflects "discovery to be completed by 7/09/2009." A later entry reflects that discovery continued beyond that date "pursuant to agreement."  Third Federal filed its motion for summary judgment on July 27, 2009, with an appendix in support, which was granted, and affirmed by this court as to Cox's liability to Third Federal.

{¶ 4}  The case returned to the trial court in September of 2010 for proceedings to determine the amount of money owed by Cox to Third Federal.  The trial court scheduled the damages hearing for October 8, 2010.  The trial court granted Cox's motion for a continuance and re-set the damages hearing for October 22, 2010.  The hearing was later reset to November 19, 2010.  Again the hearing was continued to December 28, 2010, due to the trial court being engaged in a criminal trial.  On December 9, 2010, Third Federal filed its Exhibit List. On December 22, 2010, Cox moved for a

continuance stating he needed time to review the Exhibit List and its relevance to Third Federal's claim. The trial court granted a continuance and reset the damages hearing to February 10, 2011. On February 4, 2011 Cox moved for another continuance and alleged the Exhibit List was incomplete and omitted certain payment receipts. Cox averred by affidavit that Third Federal had agreed to voluntarily provide him a copy of the original agreement as well as the omitted payment receipts but he had not yet received the documents. A pre-trial was held on February 11, 2011 and the case was referred to mediation on March 14, 2011 and delayed the trial on damages until March 21, 2011.

{¶ 5} On March 1, 2011, Cox moved for an order compelling Third Federal to produce documents. On March 10, 2011, Third Federal opposed the motion stating it provided the subject documents to Cox with correspondence dated March 4, 2011. The trial court overruled Cox's motion to compel as moot.

{¶ 6} The case did not resolve at mediation and Cox's request to continue the damages hearing was denied. The hearing commenced on March 21, 2011. Third Federal presented Cox's loan application, the home equity loan agreement and monthly statements on the account. Cox objected to Third Federal's Exhibits C and D, which represented the monthly statements on the account, because they did not include monthly statements

for the time period between August 22, 2002 and February 2, 2003. Third Federal authenticated the documents through the testimony of Kurt Shoemaker, the assistant Secretary for Third Federal who oversees its collections and loan service area. Shoemaker explained that Third Federal no longer had records of some of the monthly statements due to a system conversion. Third Federal sought a monetary award of $28,151.22. The trial court, however, refused to consider the damages alleged to have occurred during the 15 month period between August 2002 and December 2003, finding Third Federal did not provide documentation during that time period. Similarly, the court reduced the award based on its finding that Third Federal did not provide statements from January and August 2001, January and March 2002, and February 2007. Third Federal has not challenged the trial court's judgment on appeal.

{¶ 7} Cox has appealed the trial court's ruling and presents multiple errors for our review, which are interrelated and will be addressed together.

{¶ 8} "First Assignment of Error. The trial court erred when it denied completion of discovery requested."

{¶ 9} "Second Assignment of Error. The trial court erred where it did not grant defendant's motion to compel discovery after numerous diversions to avoid compliance by the plaintiff."

**{¶ 10}** "Third Assignment of Error. The trial court erred where it held a hearing without completion of discovery or sanctions."

**{¶ 11}** "Fourth Assignment of Error. The trial court erred where it accepted the plaintiff's evidence prejudiced by a failed discovery process and awarded damages."

**{¶ 12}** All of Cox's assignments of error raise issues concerning documents Third Federal did not provide to him after this case was returned to the trial court for a damages hearing. In other words, Cox's assigned errors focus on alleged discovery violations. The record reflects that following the remand to the trial court Third Federal voluntarily agreed to provide Cox with documents that it had in its possession. Third Federal, through its representative, explained it no longer had some of the account statements due to a system conversion and for that reason could not provide Cox with copies of those documents. There is no indication or evidence that Cox ever disputed the amounts owed on the line of credit account that is at issue in this case.

**{¶ 13}** It is well settled that the trial court enjoys considerable discretion in the regulation of discovery. *Manofsky v. Goodyear Tire & Rubber Co.*, 69 Ohio App.3d 663, 668, 591 N.E.2d 752 (9th Dist.1990). We review a trial court's ruling on discovery under the abuse of discretion standard. *Majestic*

*Steel Service, Inc. v. Disabato,* 8th Dist. No. 76521, 1999 WL 1206573 (Dec. 16, 1999).

{¶ 14} In order to establish a prima facie case for money owed on an account the claimant must present evidence of an account showing the name of the party to be charged and contain the following:

> (1) a beginning balance (zero, a sum that can qualify as an account stated, or some other provable sum); (2) items representing charges, or debits and credits; and (3) summarization by means of a running or developing balance or an arrangement permitting the calculation of the balance due. *Discover Bank v. Paoletta,* 8th Dist. No. 95223, 2010-Ohio-6031, 2010 WL 5065380, ¶10, citing, *Brown v. Columbus Stamping & Mfg. Co.,* 9 Ohio App.2d 123, 223 N.E.2d 373 (10th Dist.1967).

{¶ 15} This court has determined that an account need not begin at a zero balance and "[c]ompetent testimony predicated upon firsthand knowledge may be offered to prove facts contained in business records." Id. at ¶12. In this case, Third Federal presented business records including the home equity line of credit application, the line of credit agreement, and account statements. However, account statements for the time period between August 22, 2002 through December 2, 2003 were not presented. The trial court explicitly reduced Third Federal's damages allegedly accrued during that period finding that it failed to prove them.

**{¶ 16}** Third Federal authenticated its business records through the testimony of Shoemaker. Cox maintains that this prevented him from conducting an effective cross-examination because Shoemaker did not personally handle the account.

**{¶ 17}** Evid.R. 803(6) provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

***

(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

**{¶ 18}** This court has construed "other qualified witness" to include persons who are

sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6). *State v. Hinson*, 8th Dist. No. 87132, 2006-Ohio-3831, 2006 WL 2096589, ¶34.

In this case, Shoemaker stated he was the assistant Secretary for Third Federal who oversees its collections and loan service area. He testified that the documents were kept in the ordinary course of Third Federal's business and that he was familiar with the nature of the documents and the policies and procedures surrounding their maintenance and retrieval, as such he was a "qualified witness." Id. at ¶35. Therefore, Third Federal's exhibits, including the account statements, were properly authenticated and considered by the trial court.

{¶ 19} Cox also asserts that the trial court erred by denying his motion to compel and for declining to impose sanctions on Third Federal as a consequence of not providing the missing account statements. The granting or denial of a motion to compel discovery is reviewed under an abuse-of-discretion standard. The inquiry is whether the trial court's decision is unreasonable, arbitrary, or unconscionable. *State ex rel. V. Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998).

{¶ 20} Cox relies on *RGA Ents. Inc. v. Claar & Minerd, Inc.*, 10th Dist. No. 95APG02-182, 1995 WL 527671 (Sept. 7, 1995) in arguing the trial court erred by denying his motion to compel. In *RGA,* the defendants objected to producing documents asserting that they were not relevant. The court in *RGA* found that the documents were relevant to the claims in the case and held that the trial court erred by denying the motion to compel.

{¶ 21} In this case, Cox argues that the missing statements were relevant to his ability to challenge the allocations made during the course of the loan. Third Federal did not deny the relevance of the documents and indicated it would have produced them if it had them in its possession. There is nothing to dispute Third Federal's claims that the missing statements were no longer within its possession.

{¶ 22} The trial court denied the motion to compel but it also reduced Third Federal's claim for damages due to its inability to provide all of the statements. Accordingly, *RGA* is not analogous to this matter and the trial court in this case did not abuse its discretion by denying the motion to compel.

{¶ 23} The trial court did not err by proceeding with the damages hearing. The record reflects that the parties continued to voluntarily exchange discovery until the damages hearing. The damages hearing itself was continued several times. Without any evidence to refute Third Federal's claims that the identified statements were no longer in its possession, the trial court did not err by proceeding with the damages hearing as instructed.

{¶ 24} Cox argues within the fourth assignment of error that the trial court erred by allowing testimony about the cause of the default on the account. This court has already affirmed the trial court's summary judgment

ruling that Cox was liable on the account, therefore the reason for default was not at issue in the damages hearing.

{¶ 25} Appellant has not established that the trial court abused its discretion with regard to its discovery rulings or proceeding with the damages hearing as directed by this Court. Accordingly, appellant's assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JAMES J. SWEENEY, PRESIDING JUDGE

LARRY A. JONES, J., and
EILEEN A. GALLAGHER, J., CONCUR