[Cite as *Citibank, N.A. v. Katz*, 2013-Ohio-1041.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98753**

## CITIBANK, N.A., SUCCESSOR TO CITIBANK (SOUTH DAKOTA), N.A.

PLAINTIFF-APPELLEE

vs.

## HERBERT R. KATZ

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-765906

**BEFORE:** Rocco, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** March 21, 2013

**FOR APPELLANT**

Herbert R. Katz, pro se
26106 Fairmount Boulevard
Beachwood, Ohio   44122


**ATTORNEYS FOR APPELLEES**

Melissa A. Hager
James Oh
Hilary Michael
Javitch, Block & Rathbone, L.L.C.
1100 Superior Avenue, 19th Floor
Cleveland, Ohio   44114

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant Herbert Katz appeals from the trial court's decision granting plaintiff-appellee Citibank, N.A., successor to Citibank (South Dakota), N.A.'s ("Citibank's") motion for summary judgment in this action for recovery on a credit card account. Raising two assignments of error, Katz argues that the trial court erred in granting Citibank's motion for summary judgment based the existence of genuine issues of material fact involving Citibank's claim and his counterclaims for breach of contract and conspiracy to defraud. Katz also contends that the trial court abused its discretion in granting his counsel's oral motion to withdraw two weeks before the scheduled trial date. Finding Katz's assignments of error meritless, we affirm the trial court's judgment.

**{¶2}** On July 18, 2011, Citibank filed a complaint against Katz in the Shaker Heights Municipal Court seeking to collect $9,057.80, the amount Katz allegedly owed on a credit card account he had maintained with Citibank. Katz filed a pro se Answer and Counterclaim, denying the material allegations of the complaint and asserting claims of breach of contract and conspiracy to defraud against Citibank. The demand of Katz's counterclaims exceeded the jurisdiction of the Shaker Heights Municipal Court, and the case was transferred to the Cuyahoga County Court of Common Pleas.

**{¶3}** Citibank filed a motion for summary judgment on its claim and Katz's counterclaims, attaching copies of available account statements and an affidavit from a

representative of Citibank's servicing company, authenticating the statements. The affidavit further established that Katz had maintained a credit card account with Citibank, had used the account to purchase goods and services and/or receive cash advances, and had failed to make required payments, thereby defaulting on the account. The affidavit also stated the balance due on the account. Katz opposed Citibank's motion with his own affidavit in which he averred that he had paid his Citibank account as agreed until Citibank "unilaterally changed" the terms of his account agreement as a result of Katz's "dispute with a separate entity" and "because of [disputed] information provided by third-party credit bureau(s)."

{¶4} Determining that there were no genuine issues of material fact and that Citibank was entitled to judgment as a matter of law, the trial court granted Citibank's motion, entering judgment against Katz on Citibank's claim for recovery on the account in the amount of $9,057.80, plus interest at the applicable statutory rate from the date of judgment, and in favor of Citibank on Katz's counterclaims. Katz appealed the trial court's judgment.

{¶5} Katz presents two assignments of error:

Assignment of Error No. 1:

The trial court erred in ruling that there are no genuine issues of material fact in dispute in this case, and, therefore, granting the motion for summary judgment of Citibank, N.A.

Assignment of Error No. 2:

The trial court abused its discretion when ruling that counsel for Herbert R. Katz could withdraw from the case without taking required steps to protect the interest of Hebert R. Katz, and in violation of the court's own rules, and then ruling that Herbert R. Katz was "disingenuous" in objecting to the court's action without any basis for such ruling.

{¶6} In his first assignment of error, Katz argues that Citibank failed to present sufficient evidence establishing its right to recover on Katz's credit card account, that the terms of the parties' agreement were ambiguous, and that Citibank's confusion regarding the theory of recovery on which it was proceeding warranted denial of its summary judgment motion. Katz further contends that his allegations of breach of contract and conspiracy to defraud created genuine issues of material fact that should have precluded summary judgment. We disagree.

{¶7} An appeal of a trial court's ruling granting summary judgment is subject to a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶8} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the

nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶9} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

{¶10} With respect to Citibank's claim against Katz, we find that the trial court properly held that Citibank was entitled to summary judgment based on a theory of account stated.

{¶11} To recover money due on an account,

an account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due.

*Citibank (S.D.), N.A. v. Lesnick*, 11th Dist. No. 2005-L-013, 2006-Ohio-1448, ¶ 9, quoting *Gabriele v. Reagan*, 57 Ohio App.3d 84, 87, 566 N.E.2d 684 (12th Dist.1988); *see also Third Fed. Sav. Bank v. Cox,* 8th Dist. No. 96871, 2012-Ohio-477, ¶ 14; *Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123, 223 N.E.2d 373 (10th Dist.1967), paragraph three of the syllabus.

{¶12} In support of its motion for summary judgment, Citibank submitted the affidavit of Terri Ryning, vice president of Citicorp Credit Services, Inc. (USA), a servicing company for Citibank, along with copies of the available monthly billing statements for Katz's account. Ryning's affidavit states that, by virtue of her position with Citibank's servicing company, she shares custodianship of and has access to all of Citibank's records related to Katz's account, and that her affidavit is based on her personal knowledge and her review of Citibank's account records. Her affidavit further states that Katz failed to make required payments and has defaulted on the account, that $9,057.80 is due on the account, and that the monthly account billing statements attached to her affidavit are true and accurate copies of the available statements for the account. The affidavit and account statements submitted by Citibank established the existence of the credit card account; the purchases, advances, and payments made on the account; the finance charges applied to the account during various billing cycles; the amounts due on the account each month; Katz's

default; and the final balance owed on the account. The evidence submitted by Citibank was, therefore, sufficient to meet Citibank's burden of establishing a prima facie case for money owed on an account. *Citibank (South Dakota) N.A. v. Ogunduyile*, 2d Dist. No. 21794, 2007-Ohio-5166, ¶ 11-12.

{¶13} Once a plaintiff has met its burden of establishing that there is no genuine issue of material fact for trial, a defendant may not rest upon mere allegations or denials in the pleadings but must present evidence of specific facts demonstrating a genuine issue

of material fact for trial. Accordingly, the burden then shifted to Katz to demonstrate the existence of genuine issues of material fact. *Id.* at ¶ 12; *see also Gabriele*, 57 Ohio App.3d at 87, 566 N.E.2d 684 ("The effect of an account stated is that the account will be taken as correct until shown by the party to whom it was rendered to be incorrect."). Katz did not meet his burden.

{¶14} In response to Citibank's motion for summary judgment, Katz submitted only his own affidavit. Katz's affidavit states, in relevant part:

3. I opened the account which is the subject of this lawsuit in 1992.

4. I paid my account with Plaintiff as agreed for many years.

5. In fact, I paid my account with Plaintiff as agreed until such time as Plaintiff changed the terms of my account in 2010.

6. Prior to Plaintiff changing the terms of my account in 2010, I never missed a payment to Plaintiff. Thus, Plaintiff's decision to change the terms of my account was not in any way based upon Plaintiff's direct dealings with me.

7. Plaintiff changed the terms of my account due to my financial dealings with a separate entity, and, thus, because of information provided by third-party credit bureau(s).

8. My underlying dispute with a separate entity, which formed the basis for Plaintiff's decision to change the terms of my account with Plaintiff, is now the subject of a lawsuit that has been certified as a class action * * * .

9. I informed Plaintiff that the information contained in my credit report was in dispute, and I informed Plaintiff that I had an account in dispute with a separate financial entity. * * *

12. Despite my reporting of this dispute to Plaintiff and despite the fact that I was a loyal customer of Plaintiff with an account in good standing for many years, Plaintiff unilaterally changed the terms of

> our agreement — including with respect to credit line and interest rate — which violated our contract with one another.
>
> 13. This action by Plaintiff caused me great financial, personal and emotional harm and resulted in me losing my business. * * *

{¶15} The vague, conclusory allegations of Katz's affidavit fail to create a genuine issue of material fact. Significantly, Katz does not dispute, in his affidavit (or otherwise) that he is liable for the charges made on the account at issue or that he has failed to make required payments due on the account. Nor does he dispute the amount owed on the account. Katz nonetheless argues that trial court erred in entering summary judgment because, based on his affidavit, the terms of his contract with Citibank are "ambiguous," and a "dispute over the applicability and meaning of contract terms gives rise to a 'genuine issue of fact'" that cannot be resolved on summary judgment. Katz, however, fails to identify any specific term of the account agreement that he contends is "ambiguous." Rather, Katz's affidavit simply repeats the vague, unsupported allegations of his counterclaims, i.e., that Citibank unilaterally changed certain terms of the account agreement. As such, it does not demonstrate the existence of a genuine issue of material fact, and the trial court properly entered summary judgment in favor of Citibank on its claim for recovery on the credit card account. *See, e.g., Ogunduyile*, 2007-Ohio-5166; *Discover Bank c/o DFS Servs., LLC, v. Lammers*, 2d Dist. No. 08-CA-85, 2009-Ohio-3516; *Discover Bank v. Paoletta*, 8th Dist. No. 95223, 2010-Ohio-6031, ¶ 11-15.

**{¶16}** We reach a similar conclusion as to Katz's counterclaims. Katz's counterclaims are based on allegations that Citibank "materially breached the terms of the contract between [Citibank] and [Katz]" and "engaged in a conspiracy to defraud [Katz]" by modifying the terms of the agreement after Katz became involved in a dispute with an unidentified "third party." Katz alleges that, "[t]hrough its conspiratorial relationships," Citibank "became aware" of Katz's dispute with the "third party" and used that dispute "as an excuse" to change the terms of Katz's account agreement "to disadvantage" Katz.

**{¶17}** To establish a claim for breach of contract, Katz must show: (1) the existence of a contract, (2) his performance under the contract, (3) a material breach by Citibank, and (4) resulting damages. *Kwikcolor Sand v. Fairmount Minerals Ltd.*, 8th Dist. No. 95223, 2011-Ohio-6646, ¶ 14, citing *Povroznik v. Mowinski Builders, Inc.*, 8th Dist. No. 93225, 2010-Ohio-1669, ¶ 13. The elements of fraud are: (1) a representation (or concealment of a fact when there is a duty to disclose), (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance on the representation or concealment, and (6) resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984). A civil conspiracy to defraud further requires: (1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself. *Urbanek v. All State Home Mtge.*,

178 Ohio App. 3d 493, 500, 2008-Ohio-4871, 898 N.E.2d 1015, ¶ 19 (8th Dist.), citing *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 90 Ohio App.3d 284, 292, 629 N.E.2d 28 (8th Dist.1993); *see also Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859 (1998).

{¶18} Nowhere in his affidavit (or elsewhere) does Katz identify, or present any evidence regarding, the specific terms of any contract with Citibank he contends was breached, how he contends Citibank materially breached the contract, or any resulting damages. In his affidavit, Katz avers only that Citibank "changed the terms of my account in 2010"; he does not indicate specifically what terms were changed, how they were changed, or how this resulted in damages to Katz. Without such facts, Katz cannot establish a claim for breach of contract.

{¶19} Likewise, with respect to his claim for conspiracy to defraud, Katz has not even identified — much less produced any evidence demonstrating — the time, place, or content of any false representation, who made the misrepresentation, the fact(s) misrepresented, or any resulting injury. Nor has he identified the "third party" allegedly involved in the dispute with Katz, the nature of the dispute that Katz contends led Citibank to unilaterally change the terms of his account agreement, any of Citibank's alleged co-conspirators, or any facts suggesting malice, intent to defraud, or justifiable reliance — essential elements of Katz's counterclaim for conspiracy to defraud.

{¶20} Katz argues that because the trial court previously denied Citibank's motion to dismiss Katz's counterclaim with prejudice, or in the alternative, for a more definite statement (which was based in part on Katz's failure to plead his claims with sufficient particularity), that ruling "is now the law of the case," and the averments of his affidavit that repeat the allegations of his counterclaims are, therefore, sufficient to survive summary judgment on his counterclaims. However, different standards are applied in ruling on a motion to dismiss and ruling on a motion for summary judgment. A motion to dismiss tests the sufficiency of the pleadings. *See, e.g., Volbers-Klarich v. Middletown Mgt.,* 125 Ohio St. 3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11; *Barnes v. Tolliver*, 100 Ohio App.3d 391, 394, 654 N.E.2d 152 (8th Dist.1995). In ruling on a motion to dismiss, all material factual allegations of a claim are accepted as true and all reasonable inferences from those facts drawn in favor of the nonmoving party. A motion for summary judgment, on the other hand, tests the sufficiency of the evidence supporting the pleadings. Civ.R. 56(C), (E). Accordingly, a party opposing a motion for summary judgment must specify the facts demonstrating a genuine issue of material fact and may not rest on mere allegations or denials in the pleadings. *Dresher* 75 Ohio St.3d at 293, 662 N.E.2d 264. The differences between a motion to dismiss and motion for summary judgment "are distinct and preclude the application of the law of the case doctrine * * *." *Creaturo v. Duko*, 7th Dist. No. 04 CO 1, 2005-Ohio-1342, ¶ 27.

{¶21} Further, the trial court's decision to deny Citibank's motion to dismiss was an interlocutory order. *See id.* at ¶ 28; *Our Lady of Angels Apartments v. Cuyahoga Cty.*

*Bd. of Revision*, 8th Dist. No. 66733, 1994 Ohio App. LEXIS 5672, *6-7 (Dec. 15, 1994). As such, the trial court could have reconsidered its prior decision. *Creaturo,* 2005-Ohio-1342 at ¶ 25, 28; *Schmidt v. Bankers Title & Escrow Agency, Inc.*, 8th Dist. No. 88847, 2007-Ohio-3924, ¶ 7. The trial court's prior ruling on Citibank's motion to dismiss, therefore, "does not have any preclusive effect" in ruling on Citibank's motion for summary judgment. *Creaturo,* 2005-Ohio-1342 at ¶ 28.

{¶22} Because Katz continued, in his affidavit, to simply make vague, general allegations of wrongdoing and failed to present any evidence of specific facts supporting essential elements of his counterclaims for breach of contract or conspiracy to defraud, the trial court properly granted summary judgment to Citibank on both its claim and Katz's counterclaims. Katz's first assignment of error is overruled.

{¶23} In his second assignment of error, Katz contends that the trial court abused its discretion in granting his counsel's oral motion to withdraw, two weeks before the scheduled trial date. Once again, we disagree.

{¶24} The decision whether to grant or deny a motion to withdraw rests within the sound discretion of the trial court. *Bennett v. Bennett*, 86 Ohio App.3d 343, 346, 620 N.E.2d 1023 (8th Dist.1993). Accordingly, an appellate court will not reverse a trial court's decision to allow counsel to withdraw from a pending case absent an abuse of discretion. *Id.* An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.

*Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Upon review of the record, we find no abuse of discretion by the trial court in granting Katz's counsel's motion to withdraw from his representation of Katz.

**{¶25}** The record shows that Katz's counsel first appeared in the case after Citibank filed its motion for summary judgment. The record further reflects that during the final pretrial conference, Katz's counsel made an oral motion to withdraw, which was unopposed, and that the trial court granted the motion. There is nothing in the record that indicates the reason Katz's counsel sought to withdraw his representation. Nor is there any indication in the record that Katz objected to his counsel's termination of the representation. The journal entry memorializing the trial court's ruling provides, in relevant part:

> Defendant's counsel's oral motion to withdraw as counsel is unopposed and granted for good cause shown. Defendant advised of the ramifications of proceeding without counsel. If defendant retains new counsel, counsel is to file a notice of appearance. Furthermore, should defendant retain new counsel, the court will entertain a motion to continue trial. [Trial counsel] is to deliver the client's file to client or client's new counsel as soon as practicable. * * *

**{¶26}** Four days later, Katz filed a motion for continuance, requesting a 60-day continuance of the trial date due to the withdrawal of his counsel. Katz argued that he had "anticipated that his attorney would be representing him in any trial of this matter and was startled and alarmed to find out that a ruling dismissing his attorney from this matter was issued with no written briefing or notice at such a late date." Although finding Katz's arguments to be "disingenuous," the trial court, nevertheless, granted a 30-day

continuance of the trial date "to ensure [Katz was] not prejudiced." Three days before the rescheduled trial date, the trial court granted Citibank's motion for summary judgment.

**{¶27}** Citing this court's decision in *Bennett*, Katz argues that the trial court abused it discretion in allowing his counsel to withdraw without complying with the applicable ethics rules and Rule 10(B) of the Local Rules of the Cuyahoga County Court of Common Pleas ("Local Rule 10(B)") governing withdrawal of counsel. Katz argues that because no written motion to withdraw was filed and no hearing was scheduled on the motion, he was not "afford[ed] the client protections required by [Local Rule 10(B)]" and that the trial court's "last minute determination left Katz in a lurch without adequate (or any) representation at a critical juncture in the case."

**{¶28}** Rule 10(B) of the Local Rules of the Cuyahoga County Court of Common Pleas states:

> It is contemplated that counsel who has entered an appearance in the case shall remain in the case until it is concluded.
>
> However, upon written motion for leave to withdraw from the action and for good cause shown, the Court may permit counsel to withdraw. Prior to or contemporaneously with the filing of a motion for leave to withdraw as counsel, counsel shall serve the client with a copy of the motion by certified mail, return receipt requested. Additionally, counsel shall include in the motion a certificate of service that states the date and manner in which the client and all other counsel of record have been notified.
>
> The Court in which a motion for leave to withdraw as counsel is filed may, in its discretion, set a hearing date on the motion and may require the attendance of all counsel and clients. If the Court requires the attendance of clients at the hearing, it shall be the responsibility of counsel to inform the

client of the hearing date and time by certified mail, return receipt requested.

The provisions of DR 2-110, EC 2-29 and EC 2-31 of the Code of Professional Responsibility are incorporated herein.

**{¶29}** "'[C]ourts are to be given latitude in following their own local rules; the enforcement of rules of court is held to be within the sound discretion of the court.'" *In re T.W.*, 8th Dist. Nos. 88360 and 88424, 2007-Ohio-1441, ¶ 38, quoting *Ciokajlo v. Ciokajlo*, 1st Dist. No. C-810158, 1982 Ohio App. LEXIS 12823, *4 (July 28, 1982); *see also Dodson v. Maines*, 6th Dist. No. S-11-012, 2012-Ohio-2548, ¶ 47 ("[L]ocal rules are of the court's own making, procedural in nature, and not substantive principles of law.") (Citations omitted.) So long as a trial court's failure to comply with or enforce its local rules does not affect due process or other constitutional rights, "there is no error when, in its sound discretion, the court decides that the peculiar circumstances of a case require deviation from its own rules." *Id.* (Citations omitted.); *see also Wallner v. Thorne,* 189 Ohio App.3d 161, 2010-Ohio-2146, 937 N.E.2d 1047, ¶ 21 (9th Dist.). Local rules regarding attorney withdrawal are "administrative in nature — designed to facilitate case management. * * * They do not implicate constitutional rights." *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, 846 N.E.2d 509, ¶ 8-9. Accordingly, enforcement of the particular requirements of Local Rule 10(B) was within the discretion of the trial court.

**{¶30}** However, a trial court does have a duty to ensure that the mandates of the Rules of Professional Conduct[1] are followed before allowing counsel to withdraw. *Wilson v. Wilson*, 154 Ohio App.3d 454, 2003-Ohio -474, 797 N.E.2d 990, ¶ 5 (3d Dist.) (discussing former DR-2110 under the Code of Professional Responsibility). Failure to do so is reversible error. *Id.*, citing *Bennett,* 86 Ohio App.3d 343, 620 N.E.2d 1023; *N. Eagle, Inc. v. Kosas,* 8th Dist. No. 92358, 2009-Ohio-4042, ¶ 32.

**{¶31}** Prof.Cond.R. 1.16(d) of the Rules of Professional Conduct addresses the steps to be taken upon termination of representation. The purpose of Rule 1.16(d) is to ensure that a client will not be prejudiced as a result of the withdrawal of counsel. Rule 1.16(d) provides in relevant part:

> As part of the termination of representation, a lawyer shall take steps, to the extent *reasonably* practicable, to protect a client's interest. The steps include giving due notice to the client, allowing *reasonable* time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules. * * *

Rule 1.16(c) further requires a lawyer seeking to withdraw from representation to obtain permission for withdrawal from employment where required "by the rules of a tribunal."

**{¶32}** This case is distinguishable from *Bennett,* 86 Ohio App.3d 343, 620 N.E.2d 1023. In *Bennett*, the trial court permitted the defendant's counsel to withdraw immediately prior to a hearing on two motions to show cause filed by the plaintiff, then ordered the defendant to proceed with the hearing without the benefit of counsel.

---

[1]DR 2-110, EC 2-29, and EC 2-31 of the Code of Professional Responsibility, referenced in Local Rule 10(B), were replaced by the Ohio Rules of Professional Conduct on February 1, 2007.

*Bennett,* 86 Ohio App.3d at 347, 620 N.E.2d 1023. In *Bennett,* the defendant "stated specifically that he was not familiar with legal procedures and proceedings" and no "inquiry [was] made by the trial court into whether appellant desired new counsel or was insulated from foreseeable prejudice." *Id.* This court determined that, under the circumstances, the defendant was prejudiced by the withdrawal and that the trial court had therefore abused its discretion in permitting counsel to withdraw. *Id.*

{¶33} In this case, the record reflects that the trial court took appropriate steps to ensure that the mandates of Prof.Cond.R. 1.16(d) were followed and that Katz would not be prejudiced by his counsel's withdrawal. Counsel's motion to withdraw was granted at the final pretrial conference, after Katz had submitted his brief in opposition to Citibank's motion for summary judgment.[2] The trial court advised Katz of the ramifications of proceeding without counsel, ordered that all client files be promptly transferred to Katz or his new counsel, and indicated that it would entertain a motion for continuance of the trial date if Katz obtained new counsel. There is no indication in the record that Katz had any objection to his counsel's withdrawal.

{¶34} To further ensure Katz was not prejudiced by his attorney's withdrawal, upon Katz's request, the trial court granted a 30-day continuance of the trial date,

---

[2] Katz asserts that he filed his "Pro Se Brief in Opposition to Plaintiff's Motion for Summary Judgment" after the trial court granted his counsel's motion to withdraw. However, the record reflects that his pro se opposition was filed on May 24, 2012, a week before the trial court granted counsel's motion to withdraw.

providing Katz sufficient time to locate substitute trial counsel.   The trial court thereafter granted Citibank's motion for summary judgment, obviating the need for trial.

{¶35} We find no support in the record for Katz's assertion that he was prejudiced as a result of his counsel's withdrawal.    Accordingly, the trial court did not abuse its discretion in granting Katz's counsel's motion to withdraw.    Katz's second assignment of error is overruled.

{¶36} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR